IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

AMERICAN ATHEISTS, INC.;
BETTY JO FERNAU;
CATHERINE SHOSHONE;
ROBERT BARRINGER; and
KAREN DEMPSEY,                                                                              PLAINTIFFS

v.                                         Case No. 4:19cv17-KGB

STANLEY JASON RAPERT,
in his individual and official capacity,                                                     DEFENDANT

## BRIEF IN SUPPORT OF MOTION TO DISMISS AS TO STANLEY JASON RAPERT INDIVIDUALLY

Defendant Jason Rapert is a private citizen and part-time Arkansas legislator. Like many private citizens, Defendant maintains several social media accounts, the most pertinent being Facebook and Twitter. Defendant owns and maintains these accounts in his personal capacity; they do not belong to the State or any State entity. Plaintiffs have filed this lawsuit challenging Defendant's practice of keeping his personal social media pages free from vulgar and harassing content—something many, if not most private citizens do.

## ARGUMENT

Plaintiffs have filed claims against Stanley Jason Rapert in his individual and official capacity as a State Senator seeking immediate injunctive and declaratory relief under 42 U.S.C. §§ 1983 and 1988 and Ark. Code Ann. § 16-123-105(a) for alleged blocking and banning of users from a Facebook page and Twitter Account. Plaintiffs can prevail only if they prove they have been subjected to a deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Comiskey v. JFTJ Corp.,* 989 F.2d 1007, 1010 (8th Cir.1993) (quotation omitted). And, naturally, the challenged conduct must have been committed by one who acts "under color of state law." *Id.*

Presently, Plaintiffs contend that Defendant infringed upon their rights under the First Amendment, Right to Petition the Government under Art. 2, Sec. 4 of the Constitution of the State of Arkansas, 14th Amendment and the Arkansas Religious Freedom Restoration Act.  Like most other constitutional rights however, the protections asserted by Plaintiffs erect a shield exclusively against government misconduct only.  *see United Bhd. of Carpenters & Joiners of America Local 610, AFL–CIO v. Scott,* 463 U.S. 825, 831, 103 S.Ct. 3352, 3357–58, 77 L.Ed.2d 1049 (1983),

It is axiomatic that the allegations and constitutional provisions cited by the Plaintiffs in their Complaint provide no protection against private behavior of any individual.  This principle is true no matter how egregious the behavior of the individual may be.  *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997).  Indeed, it would be illogical to find Defendant was acting under color of state law and then hold him individually liable.

Additionally, Plaintiffs' main areas of relief are for injunctive relief, which are only cognizable against Defendant in his official capacity.  Plaintiffs have not specified what damages they have withstood, and in fact only ask for nominal damages and an award of punitive damages.  To the extent that Plaintiffs would prevail and be due damages, it would be an issue of first impression in this Circuit, and Defendant certainly should be entitled to protection under the doctrine of qualified immunity.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982).  *Harlow* held that if the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful. Until this threshold immunity question is resolved, discovery should not be allowed.  As such, Plaintiffs have failed to state any claims for which relief can be granted against Defendant individually, and Defendant should be dismissed in his individual capacity.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' complaint should be dismissed.

        Respectfully submitted,

        */s/ Paul Byrd*
        Paul Byrd, Ark. Bar No. 85020
        Paul Byrd Law Firm, PLLC
        415 N. McKinley St. Ste. 210
        Little Rock, AR 72205
        (501) 420-3050
        (501) 420-3128 fax
        paul@paulbyrdlawfirm.com

        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which shall send copies to of the foregoing pleading to the following:

Dylan L. Jacobs
Assistant Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
dylan.jacobs@arkansasag.gov

Philip E. Kaplan (AR68026)
Williams & Anderson PLC
111 Center Street, Ste. 2200
Little Rock, AR 72201
501-372-0800
pkaplan@williamsanderson.com

                                          */s/ Paul Byrd*
                                          Paul Byrd