**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

**AMERICAN ATHEISTS, INC.;**
**BETTY JO FERNAU;**
**CATHERINE SHOSHONE;**
**ROBERT BARRINGER; and**
**KAREN DEMPSEY,**                                                      **PLAINTIFFS**

      **v.**                         **Case No. 4:19-cv-00017-KGB**

**STANLEY JASON RAPERT, in his individual**
**and official capacity,**                                              **DEFENDANT**

## RESPONSE IN OPPOSITION TO MOTION FOR LEAVE

Having had their chance to introduce any evidence they wished at the expedited evidentiary hearing they requested, Plaintiffs now seek to dramatically expand the record by introducing 56 pages of materials that they failed to introduce with their motion or at the hearing. The Court should deny this request, or in the alternative, allow Defendant to likewise introduce additional evidence to offer the Court a complete picture of the personal social media accounts at issue and why Defendant is required to curate the content appearing on those accounts.

## BACKGROUND

Plaintiffs first filed this lawsuit in October 2018, just before the November 2018 general election.  *See* Case No. 4:18-cv-00729-KGB (E.D. Ark.).  As here, Plaintiffs complained about being banned or blocked from Defendant's personal social media accounts—generally years in the past—claiming violations of a myriad of constitutional rights.  *See e.g.*, Compl. at ¶¶ 96, 112. They failed to obtain a summons for two months, and despite Defendant's counsel agreeing to accept service of Plaintiffs' complaint and summons, Plaintiffs failed to serve Defendant within the 90 days allowed under the rules.  *See* Case No. 4:18-cv-00729-KGB, ECF No. 6 (moving to dismiss for failure to serve complaint).  Blaming their failure on their first counsel, Plaintiffs

then voluntarily dismissed their lawsuit.  Case No. 4:18-cv-00729-KGB, ECF No. 10.  Having

refiled their lawsuit, Plaintiffs now seek a preliminary injunction forcing Defendant to allow (on

his personal social media accounts) the kind of harassing conduct for which Plaintiffs were

blocked or banned in the first place.[1]

On January 15, 2019, on less than a week's notice to Defendant, this Court held a

preliminary injunction hearing.  Having had *several months* to marshal evidence in support of

their claims, Plaintiffs introduced 17 exhibits and the testimony of three Plaintiffs.  *See* ECF No.

14.  Most of Plaintiffs' exhibits were screenshots of activity on Defendant's social media

profiles.  None of the evidence offered by Plaintiffs came close to meeting their burden of

showing that they are likely to succeed on their claims.  Relying on the failure of Plaintiffs to

carry their evidentiary burden, and out of respect for the Court's time, Defendant introduced only

5 exhibits, including a declaration by Defendant, email exchanges between Defendant and Ms.

Fernau (the plaintiff who did not testify at the hearing), and a screenshot from Defendant's

Twitter account.  ECF No. 15.  Defendant's declaration explained the purposes for which he uses

his social media profiles, including sharing newsworthy items regarding state and local issues

with his supporters, and as a tool of his ministry.  *See* Rapert Decl. at ¶ 8.  It also explained that,

contrary to Plaintiffs' allegations, Defendant does not have government staff managing his social

media profiles.  *Id*. at ¶¶ 5, 15.

At the close of the hearing, the Court asked the parties whether the Court should consider

Plaintiffs' request for a TRO as well as a preliminary injunction at this time, and both parties

agreed that the Court should proceed straight to the request for preliminary injunction.  Tr. of

---

[1] In their proposed reply brief, Plaintiffs abandon their request that as part of a preliminary
injunction, this Court impose a prior restraint preventing Defendant from speaking on any
topic—including religion—that Plaintiffs find objectionable. ECF No. 22-1 at 14.  Yet Plaintiffs
continue to ask for a permanent injunction constituting prior restraint.

Hearing at 88–90.  Defendant had not yet filed a written response to Plaintiffs' motion at the time

of the hearing.  The Court noted the possibility of Defendant attaching exhibits to his response,

noting that it might then "set a schedule by which the plaintiffs would then need to apprise [the

Court] of whether [they] object to any of those exhibits."  *Id*. at 91:13–15.  Counsel for

Defendant advised the Court that Defendant did not plan to introduce any evidence, "lik[ing] the

record as it stands."  *Id*. at 91:20.  The Court advised that if Defendant did decide to introduce

exhibits, the matter would be "deal[t] with at that point . . . ."  *Id*. at 91:23.  At no point did

counsel for Plaintiffs disclose *any desire* to expand the record before the Court beyond the

evidence introduced at the hearing.  Defendant responded in writing to Plaintiffs' motion and, as

promised, did *not* introduce any new evidentiary material, relying instead of the evidence

introduced at the hearing.  ECF Nos. 18, 19.

On January 30, 2019, Plaintiffs requested leave to file a reply brief to "explain the delay

in filing this lawsuit," "respond to Defendant's Affidavit[,]" and respond to other legal

arguments.  ECF No. 22.  Plaintiffs disingenuously claimed to attach "one (1) exhibit" to their

proposed reply brief.  *Id*. at 2.  In reality, Plaintiffs effectively attached 56 new exhibits to their

reply brief, three times the number they introduced at the evidentiary hearing they had months to

prepare for.  ECF No. 22-1 at 17–72.  The specific social media posts Plaintiffs point to in their

brief were—with few exceptions—posted months or years before Plaintiffs filed this lawsuit and

could have been introduced by Plaintiffs at the hearing, if they wanted to rely on them.

Defendant notified the Court that he intended to oppose Plaintiffs' attempt to

dramatically expand the evidentiary record in their reply brief.  *See* Ex. A at 1.  Counsel for

Plaintiffs responded by making various legal arguments in outside-the-record email

communications, in addition to accusing Defendant of "fail[ing] to show up for the hearing,"  Ex.

B. at 2–3,[2] despite the fact that Plaintiffs neither requested Defendant's presence at the hearing

nor served a subpoena compelling his attendance.  As counsel for Defendant explained, if

counsel for Plaintiffs "believed that Senator Rapert's testimony was necessary" for Plaintiffs to

"carry their extraordinary burden on a motion for a preliminary injunction," they "could have

obtained a subpoena."  *Id*. at 1.  Plaintiffs offer no explanation why, if they thought Defendant's

in person testimony was necessary for them to carry their burden, they did not even request his

appearance.

## ARGUMENT

The Local Rules only expressly provide for reply briefs in support of motions for

summary judgment.  L.R. 7.2(b).  Defendant does not oppose Plaintiffs being given leave to

make legal arguments in reply to Defendant's brief in opposition.  But the Court should deny

Plaintiffs' motion insofar as they seek to dramatically expand the evidentiary record.  Having

requested an evidentiary hearing on their motion, at which they had the opportunity to offer any

evidence they thought they needed to carry their extraordinary burden of proof, Plaintiffs should

not be allowed to sandbag Defendant with additional evidentiary material in a reply brief.  In the

alternative, Defendant should likewise be allowed the opportunity to present additional evidence

for the Court to consider in ruling on Plaintiffs' motion.

**I.**  **Plaintiffs' request to dramatically expand the evidentiary record should be denied.**

Litigants are expected to marshal whatever evidence and legal arguments they wish to

offer in support of a motion when they file that motion.  New legal arguments introduced in a

reply brief are routinely rejected out of hand.  *See Hanjy v. Arvest Bank*, 94 F. Supp. 3d 1012,

1020 (E.D. Ark. 2015) (Baker, J.) ("As a general rule, courts in the Eighth Circuit will not

---

[2] Plaintiffs make the same assertion in their proposed reply brief, claiming he "conveniently" decided "not to appear at the hearing and be subject to cross examination[.]"  ECF No, 22-1 at 1.

consider arguments raised for the first time in a reply brief.").  Courts also routinely reject

additional evidence attached to a reply brief that was not offered with the initial motion.  *See,*

*e.g.*, *Ruark v. Arkansas Democrat-Gazette, Inc.*, No. 4:13-CV-00283-KGB, 2014 WL 1809606,

at *9 (E.D. Ark. May 2, 2014) (Baker, J.) ("The Court declines to address new issues or

additional evidence the ADG attempts to inject into the analysis through the reply, to the extent

such issues and evidence were not properly raised in the ADG's initial motion.").

Plaintiffs, having filed the first iteration of the lawsuit months ago, had ample time to

marshal whatever evidence they thought appropriate to support their motion for a preliminary

injunction.  Indeed, at the close of the evidentiary hearing, it was Plaintiffs' position that they

had "made out [their] case under each of the four requisites for extraordinary relief."  Tr. of

Hearing at 88:18–19.  Moreover, given the opportunity to request that the Court only consider

Plaintiffs' initial request for a TRO—thereby allowing Plaintiffs additional time to gather

evidence in support of a request for a preliminary injunction—Plaintiffs declined.  *Id.* at 92:10.

Plaintiffs only proffered justification for dramatically expanding the evidentiary record at

this juncture is to respond to Defendant's declaration explaining his use of his social media

accounts.  *See* ECF No. 22 at 1.  Yet that declaration was provided to Plaintiffs at the start of the

evidentiary hearing.  Plaintiffs introduced various screenshots of Defendant's social media

activity and took the position that those screenshots showed that Defendant operates his social

media accounts in an official, rather than personal capacity.  Plaintiffs made no request to offer

any additional evidence regarding Defendant's social media activity, nor did they advise the

Court or Defendant that they would later seek to do so.[3]

---

[3] Plaintiffs ask the Court to "take judicial notice of Sen. Rapert's tweets, posts, and accounts
pursuant to" Fed. R. Evid. 201.  Ex. B at 2–3, claiming to have also made this request at the
hearing.  The content appearing on Defendant's social media accounts is not a proper matter to

Moreover, Plaintiffs' justification holds no water, as the proffered exhibits do not contradict Defendant's declaration at all.  As Defendant explains in his declaration, he uses his social media accounts for a variety of reasons— from discussing important topics with his supporters to his ministry.  Many of these topics are also relevant to his activity as a state legislator.  Indeed, it would be impossible for Defendant to discuss important state and local issues while avoiding discussing items that might be relevant to his status as a state legislator.  But it does not follow that Defendant's discussion of political topics on his social media accounts transforms those accounts into official government accounts, or that Defendant acts under color of state law for purposes of 28 U.S.C. 1983 when he discusses those topics.

Indeed, many of Plaintiffs' proffered exhibits directly contradict their claim that Defendant uses his social media profiles in an official capacity or that these accounts are public fora.  This includes inviting social media followers to "contact [him] with [their] opinions, views and concerns at jason.rapert@senate.ar.gov[,]" his official government email account, rather than through his social media profiles.  ECF No. 22-1 at 39.  Plaintiffs further fail to explain how Defendant supposedly acted under color of state law when posting Facebook "live" videos on topics such as the "danger facing our nation, America's future, God and the duty of American citizens to unify under the principles of the founding fathers[,]" *id*. at 52, or "Hillary Clinton being given a 'pass' by the liberal elites in D.C.[,]" *id.* at 49.  As Defendant has previously explained, posting on political topics and inviting discussion with his social media followers does not transform private social media accounts into official accounts.  The additional

---

be judicially noticed, given the ability for posts to be edited, deleted, or removed by site administrators.  Defendant would request the opportunity to be heard should the Court consider Plaintiffs' request to take judicial notice of the entirety of Defendant's social media accounts. Fed. R. Evid. 201(e).

screenshots Plaintiffs seek to introduce do not contradict anything Defendant has testified to in his declaration.

Just as Plaintiffs have delayed prosecuting this lawsuit by failing to properly serve their first complaint and failing to seek a preliminary injunction until filing their second complaint, they now seek to sandbag Defendant with additional evidence they chose not to introduce at the expedited evidentiary hearing they requested.  The Court should deny that request.

## II.     Alternatively, the Court should allow Defendant the same opportunity to introduce additional evidence into the preliminary injunction record.

Alternatively, if the Court is inclined to allow the introduction of 56 new exhibits attached to Plaintiffs' proposed reply brief, Defendants should be given the opportunity to introduce additional evidence in response to that evidence.  *See, e.g.*, *Am. Guarantee & Liab. Ins. Co. v. United States Fid. & Guar. Co.*, No. 4:06CV655RWS, 2009 WL 10694312, at *2 (E.D. Mo. Oct. 20, 2009) (holding in a summary judgment proceeding that when presented with evidence for the first time in a reply brief, "the district court should either grant the nonmoving party an opportunity to respond or not consider or rely on any new evidence, materials or arguments propounded by the moving party."); *see also Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164–65 (10th Cir. 1998) ("Thus, when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond. However, if the district court grants summary judgment for the movant without relying on the new materials and arguments in the movant's reply brief, it does not abuse its discretion by precluding a surreply."); *Cia Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985) ("The district court therefore had two choices when it was informed that defendants had filed a reply brief: it could strike the brief or grant plaintiff as the nonmoving party the opportunity to respond to it."); *Black v. TIC Investment*

*Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond."); *Proventz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Given that Plaintiffs seek to offer cherry-picked screenshots of Defendant's social media activity in support of their claim that Defendant acts under color of state law when using his private social media accounts, Defendants must be given the opportunity to offer a more complete picture showing the undoubtedly personal nature of those accounts, in addition to the reasons Defendant is forced to curate the content appearing on his accounts. These 50 screenshots demonstrate the non-official character of Defendant's social media accounts and include posts related to Defendant's personal views on a variety of political topics, campaign speech, posts related to Defendant's ministry, and posts regarding Defendant's business. Ex. C. These screenshots also contain a minute sample of the vulgar and harassing comments directed at Defendant's social media accounts.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request to expand the evidentiary record should be denied.  Alternatively, the Court should also consider the attached evidentiary material in ruling on Plaintiffs' motion.

Respectfully submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

*/s/ Nicholas J. Bronni*
Nicholas J. Bronni (Ark. Bar No. 2016097)
  Arkansas Solicitor General
Dylan L. Jacobs (Ark. Bar No. 2016167)
  Assistant Solicitor General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-3661
Fax: (501) 682-2591
Dylan.Jacobs@arkansasag.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Dylan L. Jacobs, hereby certify that on February 13, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of the filing to any participants.

*/s/ Dylan L. Jacobs*
Dylan L. Jacobs