**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**AMERICAN ATHEISTS, INC.;**
**BETTY JO FERNAU;**
**CATHERINE SHOSHONE;**
**ROBERT BARRINGER; and**
**KAREN DEMPSEY** **PLAINTIFFS**

**V.** **CASE NO.: 4:19-cv17-KGB**

**STANLEY JASON RAPERT,**
**In his individual and official capacity** **DEFENDANT**

<u>**MEMORANDUM IN OPPOSITION**
**TO MOTION FOR ENTRY OF DEFAULT AS TO**
**DEFENDANT STANLEY JASON RAPERT**
**IN HIS INDIVIDUAL CAPACITY**</u>

**MAY IT PLEASE THE COURT:**

Stanley Jason Rapert (hereinafter "Jason Rapert") now files, through undersigned counsel, this Memorandum in Opposition to the Motion for Entry of Default as to the Defendant Stanley Jason Rapert in His Individual Capacity filed by Plaintiffs herein.  On the following grounds and for the following reasons, Plaintiffs' motion should be denied.

**I.** **PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint on January 8, 2019.  In response, on January 14, 2019, Jason Rapert filed a Motion and Brief in Support of Motion to Dismiss as to Stanley Jason Rapert Individually.  *See* Rec. Doc. Nos. 11-12.  On January 30, 2019, Jason Rapert also filed an Answer. *See* Rec. Doc. No. 21.  On September 30, 2019, Judge Kristine G. Baker granted a portion of Jason Rapert's Motion to Dismiss, while declining to rule on the rest.  *See* Rec. Doc. No. 27, p. 80. Plaintiffs filed their Motion for Entry of Default as to Defendant Stanley Jason Rapert in his Individual Capacity on November 8, 2019.  Jason Rapert hereby opposes Plaintiffs' motion

## II.    LAW AND ARGUMENT

Plaintiffs have requested that in accordance with Fed.R.Civ.P.55(a), the Court enter the default of Jason Rapert in his individual capacity "for failure to plead or otherwise defend in his individual capacity as provided by Rule 12(a)(4)(a) [sic] of the Federal Rules of Civil Procedure." *See* Rec. Doc. No. 29.   There are several reasons why Plaintiffs' motion should be denied.  First of all, because the Court has concluded that qualified immunity does exist, there are not any current claims against Jason Rapert individually.   To the extent that the qualified immunity question is unclear, the Court has not formally made any findings in this regard.  As such, Fed.R.Civ.P. 12(a)(4)(A) does not apply.   Secondly, Jason Rapert has "defended" his lawsuit by filing his Motion to Dismiss along with his Answer.   Finally, the inconsistent judgment/common-defense theory should apply, wherein the Answer filed on January 30, 2019 should inure to Jason Rapert individually.   In the alternative, should the court determine that a separate answer is required, Jason Rapert hereby incorporates by reference word-for-word the denials set forth in his Answer filed on January 30, 2019 in accordance with Fed.R.Civ.P.10(c) and/or requests leave of court to file an answer.

A.  Federal Rule 12(a)(4)(A) does not require an answer to be filed at this time.

In her September 30, 2019 Order, Judge Baker granted Jason Rapert's "qualified immunity on plaintiff's First Amendment free speech and right to petition claims to the extent those claims seek monetary damages against State Senator Rapert in his personal capacity." *See* Rec. Doc. No. 27, p. 80.  As such, there are no live claims pending against Jason Rapert individually.   Judge Baker also stated in her Order that "the Court declines to rule further on State Senator Rapert's motion to dismiss on the basis of qualified immunity.  The Court directs State Senator Rapert to supplement his motion to the extent he seeks the Court's consideration on the issue of qualified

immunity with respect to any but plaintiff's First Amendment free speech and right to petition claims." *Id*. Judge Baker did not specify a date by which Jason Rapert had to supplement his motion. Thus, Plaintiffs' argument that Fed.R.Civ.P. 12(a)(4)(A) now applies because the court "denied in part Defendant's Motion to Dismiss as to Stanley Jason Rapert Individually" is unfounded.

Fed.R.Civ.P. 12(a)(4)(A) states in part as follows:

(4)  Effect of a Motion:  Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

>(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . .

Again, Judge Baker has *not denied* Jason Rapert's motion, nor did she postpone its disposition until trial. Accordingly, the time for Jason Rapert to answer Plaintiffs' Complaint in his individual capacity has *not* expired, and Plaintiffs' Motion for Entry of Default as to Defendant Stanley Jason Rapert in his Individual Capacity should be denied on this basis alone.

B.  Default Judgment is not warranted because Jason Rapert has defended his lawsuit through his Motion to Dismiss and Answer.

According to Rule 55 of the Federal Rules of Civil Procedure, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules . . ." Fed.R.Civ.P. 55(a) (emphasis added). Courts have held that the words "otherwise defend" "presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert*, 101 F.R.D. 26, 33 (E.D.Wisc.1984), citing *George & Anna Portes Cancer Prevention Center, Inc. v. Inexco Oil Company,* 76 F.R.D. 216, 217 (W.D.La.1977);

*see also, Bryant v. City of Marianna*, 532 F.Supp. 133, 137 (N.D.Fla. 1982) (default is appropriate where defendants have not taken a single action in lawsuit).

In this case, Defendant Jason Rapert "defended" his case by filing a Motion to Dismiss.  It is indisputable that motions challenging a complaint for failure to state a claim upon which relief can be granted fall squarely within the ambit of the phrase "otherwise defend."  *Rudnicki v. Sullivan*, 189 F.Supp. 714, 715 (D.Mass. 1960); *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir.), *cert. denied*, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).

Furthermore, Jason Rapert filed an Answer on January 30, 2019.  Plaintiffs filed one complaint, which required the service of one answer.  Jason Rapert has sufficiently denied every allegation in Plaintiffs' Complaint.   In addition, the inconsistent judgment/common defense doctrine would apply in this case, wherein Jason Rapert's Answer in his official capacity would inure to his benefit individually.  *See, e.g.. Angelo Iafrate Construction, LLC v. Potashnick Construction, LLC*, 370 F.3d 715, 722 (8th Cir. 2004).  Jason Rapert has clearly "defended" in his individual capacity as the term is used in Fed.R.Civ.P. 55 through the filing of his Motion to Dismiss and Answer.  Accordingly, the Plaintiffs' Motion for Default Judgment must be denied.

C.  Default Judgments are not favored in the law.

It is well established that default judgments are not favored in the law.  *United States ex rel. Time Equipment Rental and Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).  The courts are given discretion to refuse to enter default judgment, and entry of judgment by default is a drastic remedy which should only be used in extreme situations, such as where there is a clear record of delay or contumacious conduct.  *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D.Minn.1994) (citations omitted), *see also, Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 119 (8th Cir.1997) (entry of default judgment justified by defense counsel's failure to take any

action in litigation after filing an unsuccessful motion to dismiss, including failure to answer three-year-old complaint, neglect of discovery requests, and ignoring of repeated inquiries from plaintiff's counsel); *Ackra Direct Marketing Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir. 1996)(entry of Default Judgment justified by defendant's pattern of dilatory conduct, including complete failure to respond to Magistrate Judge's discovery Order and other Orders, failure to comply with pretrial requirements, and failure to attend final Pretrial/Settlement Conference).

In this case, Jason Rapert has not intentionally caused delay or exhibited contumacious conduct.  However, should the Court determine that an additional Answer is warranted at this time, Jason Rapert hereby incorporates by reference word-for-word the Answer filed on January 30, 2019 in accordance with Fed.R.Civ.P. 10(c), and/or requests leave of court to file an answer.

## III.   CONCLUSION

Based on the law and analysis set out above, Jason Rapert respectfully requests that the Court deny Plaintiffs' Motion for Entry of Default as to the Defendant Stanley Jason Rapert in his Individual Capacity.

Respectfully submitted,

Paul Byrd, Bar No. 85020
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com

By:    /s/ Paul Byrd
       Paul Byrd, Ark. Bar No. 85020
       Attorney for Jason Rapert in his individual
       capacity.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that I, Paul Byrd, submitted for filing the foregoing document by uploading it to the Court's ECF system.  The ECF system send automated notice to all counsel of record.

By:    /s/ Paul Byrd_____
           Paul Byrd, Ark. Bar No. 85020