**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**AMERICAN ATHEISTS, INC.;**                                                    **PLAINTIFFS**
**BETTY JO FERNAU;**
**CATHERINE SHOSHONE;**
**ROBERT BARRINGER; AND**
**KAREN DEMPSEY**


**VS.**                                    **CASE NO. 4:19-CV17-RGB**


**STANLEY JASON RAPERT, IN HIS**                                    **DEFENDANT**
**INDIVIDUAL AND OFFICIAL CAPACITY**

### PLAINTIFFS' MOTION FOR RULE 16 FRCP PRE-TRIL CONFERENCE

Comes now, the defendants and move that this Court order a pretrial conference pursuant to Rule 16 (a)(1-3) of the FRCP and for grounds state:

1.      This matter was filed on January 8, 2019 (Docket No. 1).

2.      On January 14, 2019, Defendant Rapert filed a motion to dismiss the claims against him in his individual capacity (Docket No. 12).

3.      This Court held a hearing on January 15, 2019, on the Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Docket No.13).

4.      On January 30, 2019, Defendant Rapert filed an answer in his official capacity (Docket No. 21).

5.      On September 30, 2019, the Court issued its Order denying the Motion for Temporary Restraining Order, as well as denying Defendant Rapert's Motion to Dismiss.  The Court further ordered that Defendant Rapert, as well as Plaintiffs, shall have 14 days from the date

of the Order to file proposed Reply Briefs.  The Court ordered Defendant, Rapert to supplement his Motion regarding qualified immunity (Docket No. 27).

6.      On October 2, 2019, Plaintiffs filed their Reply to Defendants response (Docket No. 28).

7.      Defendant Rapert filed no pleadings in response to the Court's September 30, 2019 Order.

8.      On November 8, 2019, Plaintiffs filed for Entry of Default as to Defendant, Rapert, in his individual capacity (Docket No. 29).

9.      On November 22, 2019, Defendant Rapert, filed his Response to Plaintiffs' Motion for Entry of Default (Docket No. 29).

10.     On November 29, 2019, Plaintiffs filed a Motion for Leave to file Reply Brief (Docket No. 32).

11.     On April 22, 2020, Plaintiffs informed the Court via a letter (Docket No. 34) that they were "willing to consent to Defendant Rapert adopting [Docket No. 21] word-for-word as his answer to Plaintiffs' claims against him in his individual capacity in the above-referenced matter and to the denial of Plaintiffs' Motion for Entry of Default as moot. Plaintiffs further requested that the Court direct the Clerk to issue an Initial Scheduling Order pursuant to L.R. 16.1.

12.     On April 23, 2020, the Court issued its Order granting Plaintiffs' Motion for Leave to File a Reply Brief, within 10 days from the entry of the Order (Docket No. 35).  The Court further directed Defendant Rapert to adopt word-for-word his official capacity answer, in the claims against him in his individual capacity and denied the Plaintiffs' Motion for Entry of Default as moot.  The Court directed Defendant Rapert, if he intended to dismiss any claims other than

Plaintiffs' First Amendment free speech and right to petition claims on the basis of qualified immunity, to do so within 14 days of entry of the Order (Docket No. 35).

13.     On April 24, 2020, Plaintiffs filed their Reply (Docket No. 36), to Defendant Rapert's response to the Motion for Entry of Default (Docket No. 24).

14.     On May 7, 2020, Defendant, in his individual capacity, filed his Supplemental Motion to Dismiss (Docket No. 37).

15.     On May 15, 2020, Plaintiffs filed their Response in Opposition to Defendant, Rapert, Supplemental Motion to Dismiss (Docket No. 38).

16.     On May 21, 2020, Defendant Rapert filed a Motion for Leave to File a Reply Brief in support of his Supplemental Motion to Dismiss (Docket No. 37), with attached Reply (Docket No. 39).

17.     This matter has been pending since January 8, 2019, and there has been no Pre-trial Conference and no Scheduling Order.

18.     The purpose of a Rule 16 Pre-trial Conference is to (1) expedite disposition of the action; (2) establish early and continuing control so that the case will not be protracted because of lack of management, and; (3) discourage wasteful pre-trial activities.

19.     This matter's history and current states are appropriate for the Court to issue a Rule 16 Pre-trial Conference Order.

WHEREFORE, Plaintiffs pray that the Court order that a Rule 16 Pre-trial Conference be scheduled.

Respectfully Submitted,

By:    Geoffrey T. Blackwell
*Pro hac vice*
N.J. Bar No. 120332014
Pa. Bar No. 319778
American Atheists, Inc.
1100 15th St. NW
Fourth Floor
Washington, D.C. 20005
Email: legal@atheists.org
Phone: (908) 276-7300, ext. 310

Philip E. Kaplan
Ark. Bar No. 68026
CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Post Office Box 3178 (72203)
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Facsimile: (501) 371-0035
E-mail: pkaplan@cgwg.com

*Counsel for Plaintiffs*