IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**AMERICAN ATHEISTS, INC.;**                                                         **PLAINTIFFS**
**BETTY JO FERNAU;**
**CATHERINE SHOSHONE;**
**ROBERT BARRINGER; AND**
**KAREN DEMPSEY**

**VS.**                                **CASE NO. 4:19-CV17-RGB**

**STANLEY JASON RAPERT, IN HIS**                                    **DEFENDANT**
**INDIVIDUAL AND OFFICIAL CAPACITY**

## MEMORANDUM IN SUPPORT OF MOTION FOR A
## RULE 16 PRE-TRIAL CONFERENCE

This matter has been pending since January 8, 2019. There has been no written Discovery. There have been no depositions. Yet another session of the Arkansas General Assembly will commence in early January. Defendant, Rapert, will be an active participant in the proceedings of the General Assembly and surely will again be a prolific user of Twitter and Facebook.

The complaint in this matter seeks to insue that Rapert's use of these 2 varieties of social media are available to Plaintiffs for observation and comment when they are utilized as public fora.

According to the Local Rules for the Eastern District of Arkansas, "an *Initial* Scheduling Order will issue setting forth the date by which the parties must hold their [Rule] 26(f) conference," among other related deadlines. L.R. 16.1 (emphasis added). Rule 16 requires that, after the parties have held their Rule 26(f) conference, the Court must issue a further scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions," Fed. R. Civ. P. 16(b)(3)(A), and that such an order must issue "within the earlier of 90 days after any defendant

has been served with the complaint or 60 days after any defendant has appeared," F.R.C.P. 16(b)(2).

It has been nearly two years since Defendant Rapert first appeared before the Court in this matter and over six months since the Court deemed Defendant Rapert to have answered in his individual capacity, yet no date has been set by which the parties must hold a 26(f) conference. The purpose of Rule 16 could not be more applicable and appropriate in the circumstances of this case. Fed. R. Civ. P. 16(a).

The issuance of an Order Scheduling a Rule 16 Conference will surely expedite the disposition of this matter which has lingered for 1 year and 10 months since the hearing on the Motion for a TRO and Preliminary Injunction. Further, it will be put the matter on track to conduct whatever further discovery is necessary to conclude the matter, either by trial or motion.

Lastly, it will eliminate wasteful pretrial activities.

If the court will issue a Order Scheduling a Pre-trial Conference and Preliminary Scheduling Order, Plaintiffs will promptly initiate Discovery and rapidly move the case to a conclusion.

                Respectfully Submitted,

By:    Geoffrey T. Blackwell
        *Pro hac vice*
        N.J. Bar No. 120332014
        Pa. Bar No. 319778
        American Atheists, Inc.
        1100 15th St. NW
        Fourth Floor
        Washington, D.C. 20005
        Email: legal@atheists.org
        Phone: (908) 276-7300, ext. 310

        Philip E. Kaplan
        Ark. Bar No. 68026
        CROSS, GUNTER, WITHERSPOON
        & GALCHUS, P.C.
        500 President Clinton Avenue, Suite 200
        Post Office Box 3178 (72203)
        Little Rock, Arkansas 72201
        Telephone: (501) 371-9999
        Facsimile: (501) 371-0035
        E-mail: pkaplan@cgwg.com

        *Counsel for Plaintiffs*