**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS,**
**CENTRAL DIVISION**

**AMERICAN ATHEISTS, INC.;**
**BETTY JO FERNAU;**
**CATHERINE SHOSHONE;**
**ROBERT BARRINGER; and**
**KAREN DEMPSEY,**                                      **PLAINTIFFS,**

**v.**                        **CASE NO. 4:19cv17-KGB**

**STANLEY JASON RAPERT,**
*In his individual and official capacity,*               **DEFENDANT.**

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs American Atheists, Inc., Betty Jo Fernau, Catherine Shoshone, Robert Barringer, and Karen Dempsey, by their attorneys, Abtin Mehdizadegan of Cross, Gunter, Witherspoon & Galchus, P.C. and Geoffrey T. Blackwell of American Atheists, Inc., hereby move this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7.2(g), for an Order compelling Defendant Stanley Jason Rapert to produce information and certain documents in response to Plaintiffs' First Request for Production of Documents and Interrogatories to Defendant Stanley Jason Rapert in His Official Capacity and Plaintiffs' First Request for Production of Documents and Interrogatories to Defendant Stanley Jason Rapert in His Individual Capacity. Plaintiffs state the following in support of their Motion.

## I. Introduction and Factual Background

Plaintiffs served Defendant with their discovery requests on March 5, 2021. *See* **Exhibit 1**, *Plaintiffs' First Request for Production of Documents and Interrogatories to Defendant Stanley Jason Rapert in His Official Capacity* (Plaintiffs' Official Capacity Requests); **Exhibit 2**, *Plaintiffs' First Request for Production of Documents and Interrogatories to Defendant Stanley Jason Rapert in His Individual Capacity* (Plaintiffs' Individual Capacity Requests). On May 4, 2021, despite his obligation to produce information and documents in good faith, Defendant—in his official capacity— reflexively objected to nearly every Request for no legitimate purpose. Indeed, in his official capacity, Defendant refused to produce information or documents in response to Plaintiffs' Interrogatory Nos. 4, 5, 6, 8, 12, 13, and 17; and Request Nos. 2, 3, 4, 6, 7, and 9. *See* **Exhibit 3**, *Defendant's Responses to Plaintiffs' First Request for Production of Documentsand Interrogatories in His Official Capacity* [sic]. Defendant's responses in his individual capacity, also produced on May 4, 2021, fared no better; and he continued stonewalling Plaintiffs' abilities to obtain additional evidence of his constitutional violations by refusing to produce information and documents in response to Interrogatory Nos. 1 and 2 and Request for Production Nos. 1, 2, 3, and 4. *See* **Exhibit 4**, *Defendant's Responses to Plaintiffs' First Request for Production of Documents and Interrogatories to Defendant Stanley Jason Rapert in His Individual Capacity*.

Plaintiffs have attempted, in good faith, to obtain Defendant's compliance with his discovery obligations, but Defendant nevertheless persists in his refusal to provide

full and complete discovery to Plaintiffs. Accordingly, to expedite this litigation and for the reasons that follow, Plaintiffs request that this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, enter an Order compelling Defendant to:

a) Respond to Interrogatory Nos. 12, and 13 in Plaintiffs' Official Capacity Requests;

b) Supplement his responses to Interrogatory Nos. 4, 5, 6, 8, and 17 in Plaintiffs' Official Capacity Requests and Nos. 1 and 2 in Plaintiffs' Individual Capacity Requests;

c) Produce documents responsive to Request Nos. 4, 6, and 7 in Plaintiffs' Official Capacity Requests and Nos. 1, 2, 3, and 4 in Plaintiffs' Individual Capacity Requests; and

d) Supplement his responses to Request Nos. 2, 3, and 9 in Plaintiffs' Official Capacity Requests.

Plaintiffs further request that the Court order Defendant to pay Plaintiffs' reasonable costs and attorneys' fees incurred as a result of filing this Motion as required under Rule 37.

## II. SUMMARY OF GOOD-FAITH EFFORTS AT INFORMAL RESOLUTION

In an effort to reasonably resolve this discovery dispute without the Court's intervention, on June 8, 2021, Plaintiffs' counsel served a good faith letter seeking supplemental production and stating Plaintiffs' willingness to consent to a protective order to dispel Deendant's asserted concern of harassment. **Exhibit 5**, *Letter from*

*Geoffrey T. Blackwell to William C. Bird and Paul Byrd, dated June 8, 2021*. Defendant's attorneys responded on June 18, 2021. But instead of producing highly relevant information requested in good faith, counsel simply repeated their prior objections and did not even acknowledge Plaintiffs' offer of a protective order. **Exhibit 6**, *Letter from William C. Bird to Geoffrey T. Blackwell, dated June 18, 2021*; **Exhibit 7**, *Letter from Paul Byrd to Geoffrey T. Blackwell, dated June 18, 2021*.

Plaintiffs' counsel invited the opportunity to schedule a conference call to discuss this dispute, **Exhibit 8**, *Email from Geoffrey T. Blackwell to William C. Bird and Paul Byrd, dated August 2, 2021*, and a conference call was held between counsel for the parties on August 11, 2021. During that call, Plaintiffs' counsel agreed to clarify Requests for Production Nos. 4 and 6 from Plaintiffs' first set of discovery requests to Defendant in his official capacity. Defendant's counsel agreed that they would inform Plaintiffs' counsel whether the Defendant would produce his social media data in response to Request for Production No. 4 from Plaintiffs' first set of discovery requests to Defendant in his official capacity. **Exhibit 9**, *Email exchange between Geoffrey T. Blackwell and William C. Byrd, dated August 24, 2021*. Plaintiffs' counsel provided Defendant's counsel with the clarifications in writing on August 24, 2021. *Id.*

On August 31, 2021, having received no substantive response from the Defendant to Plaintiffs' revised requests, Plaintiffs' counsel requested that Defendant respond by September 3, 2021. **Exhibit 10**, *Email from Geoffrey T. Blackwell to William C. Bird and Paul Byrd, dated August 31, 2021*. The Defendant has not responded. Plaintiffs

believe that any further attempt to confer and resolve this discovery dispute would be futile.

As a result of Defendant's refusal to respond to Plaintiffs' Discovery Requests, Plaintiffs are unable to schedule Defendant's deposition and are losing critical time to engage in further, essential discovery. Defendant's attempts to avoid his responsibilities to cooperate in good faith throughout the discovery process are simply an extension of his belief that he can violate Plaintiffs' constitutional rights without consequence. Rule 37 of the Federal Rules of Civil Procedure proves the opposite is true.

Accordingly, to expedite this litigation, Plaintiffs respectfully request that the Court enter an order compelling Defendant to fully and completely respond to Plaintiffs' Official Capacity Requests (Interrogatory Nos. 4, 5, 6, 8, 12, 13, and 17, and Request Nos. 2, 3, 4, 6, 7, and 9) and to their Individual Capacity Requests (Interrogatory Nos. 1 and 2, and Request Nos. 1, 2, 3, and 4).

### III. LAW AND ARGUMENT

Plaintiffs have asserted that Defendant used his official social media presence to engage in viewpoint discrimination in violation of the Free Speech Clause of the First Amendment and in violation of other constitutional and statutory protections. In pursuit of their claims, Plaintiffs have propounded on Defendant several Interrogatories and Requests for Production. This is an integral step, as discovery enables the parties to know before the trial begins what evidence may be presented.

Rather than providing full and complete responses to Plaintiffs' narrowly tailored inquiries, Defendant responded only with unsupported boilerplate objections and indirect answers to many of Plaintiffs' Interrogatories or Requests for Production. Accordingly, the Court should order Defendant to comply with his obligations in this litigation.

The rules governing discovery in federal court are designed to "provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 309 F.R.D. 476, 479 (N.D. Iowa 2015). Accordingly, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." FED. R. CIV. P. 26(b)(1). Information within this scope of discovery need not be admissible as evidence to be discoverable. *Id.* The United States Supreme Court requires that federal courts apply the rules of discovery with "a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947). The inquiry for determining whether the information falls within the broad scope of discovery is whether the information is relevant. *Id.* Relevant information includes "*any matter* that bears on, or that reasonably could lead to other matter that could bear on, *any issue* that is or may be in the case." *Dorchester Minerals, LP v. Chesapeake Exploration, LLC,* 215 F. Supp. 3d 756, 770 (E.D. Ark. 2015) (emphasis added).

Rule 37 of the Federal Rules of Civil Procedure permits a party to move to compel production of any materials that are relevant and discoverable. *See* FED. R. CIV. P. 37. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling answers or production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *Id.*; *See also Sprint Commc'ns Co. L.P. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 275 (D.S.D. 2016). Rule 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

As demonstrated below, Defendant fails to meet these discovery obligations. Accordingly, Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs all just and proper relief to which they may be entitled, including an order compelling Defendant to fully and completely: (a) respond, in his Official Capacity, to

Plaintiffs' Interrogatory Nos. 4, 5, 6, 9, 8, 12, 13, and 17 and Request Nos. 2, 3, 4, 6, 7, and 9; and (b) respond, in his Individual Capacity, to Interrogatory Nos. 1, 2, 3, and 4 and Request Nos. 1, 2, and 3.

### A.      Plaintiff's Official Capacity Requests

**1.      This Court Should Compel Defendant to Respond Fully and Completely to Interrogatory Nos. 4, 5, 6, 8, and 17; and Request for Production Nos. 3, 4, 6, 7, and 9 Because His Breadth and Burden Objections are Unfounded and Fail to Satisfy Rule 26's Particularity Requirements.**

In Interrogatory Nos. 4, 5, 6, 8, and 17 and Request for Production Nos. 3, 4, 6, 7, and 9, Defendant makes unfounded objections and misstates the broad application of discovery through repeated boilerplate objections, categorizing the requests as irrelevant, overly broad, unduly burdensome, and ambiguous. These objections are invalid unless he makes a specific, detailed showing how each is unduly broad and overly burdensome. He fails to meet his burden and, despite Plaintiffs' good faith attempts to resolve this matter without Court intervention, nonetheless persists in maintaining his boilerplate objections.

Boilerplate objections are "not only improper, but also are tantamount to no objection at all." *Kirby v. United Am. Ins. Co.*, 2009 WL 10675166, at *3 (E.D. Ark. Feb. 13, 2009); *see also Paisley Park Enterprises, Inc. v. Boxill*, 2019 WL 1036059, at *4 (D. Minn. Mar. 5, 2019) (holding boilerplate objections to subpoena "are insufficient to preserve the objecting party's rights"); *c.f.* Local Civil Rule 33.1(b) ("A blanket objection to a set

of interrogatories, requests for admissions, or requests for production will not be recognized.").

Defendant improperly contends that *Kirby* does not apply to his objections because he does not intend to preserve any future objections. This is irrelevant. Defendant's intention to preserve future objections cannot provide fodder to evade his obligation to provide a complete and adequate response. As discussed in *Kirby*, boilerplate objections provide merely a sliver of the information sought and leave Plaintiffs without a complete response. *Kirby*, *supra* at *4 (E.D. Ark. Feb. 13, 2009).

Further, Defendant's boilerplate objections are outweighed by Plaintiffs' need to conduct discovery on all non-privileged matters that are relevant to their claims. *See* FED. R. CIV. P. 26(b)(1). The standard of relevance in the context of discovery is broader than in the context of admissibility and Rule 26(b) states that inadmissibility is no grounds for objection to discovery. *Id.*

Defendant objects that the following requests are overly broad and unduly burdensome:

- Identify every social media account, as well as any deactivated or deleted account under his control since May 18, 2014, *see* **Exhibit 1**, Interrogatory No.4;

- Describe every instance in which he restricted or considered restricting a person's ability to interact with any of the accounts previously identified, *see* **Exhibit 1**, Interrogatory Nos. 5 and 6;

- Describe the substance and rationale for all changes made to each of the social media accounts identified in response to Interrogatory No. 4, on or after October 2, 2018, *see* **Exhibit 1**, Interrogatory No. 8;

- Identify with particularity each complaint, sustained complaint, and/or reprimand made, filed, or entered against him with any regulatory, ethics, or oversight body of the State of Arkansas on or after January 1, 2010, *see* **Exhibit 1**, Interrogatory No. 17;

- Produce all documents and recordings in his possession or control concerning each incident made the subject of this lawsuit, *see* **Exhibit 1**, Request for Production No. 3;

- Produce the native format of each account's respective social media platform, *see* **Exhibit 1**, Request for Production No. 4;

- Produce all emails, letters, faxes, text messages, social media posts and messages, and other correspondence he sent that contained any phrase in a specific list, *see* **Exhibit 9**, calrifying Request for Production No. 6;

- Produce all emails, letters, faxes, text messages, social media posts and messages, and other correspondence received by him in which the sender reported content on his social media accounts that potentially violated rules or terms of service and his response(s), *see* **Exhibit 1**, Request for Production No. 7; and

- Produce in electronic format all emails received from addresses from the following domains on or after May 18, 2014: a. verify@twitter.com; b. security@facebookmail.com; c. support@parler.com; and d. security noreply@linkedin.com, *see* **Exhibit 1**, Request for Production No. 9.

These discovery requests are relevant to determining the scope of Defendant's social media presence and distinguishing his private social media accounts from his official ones. This distinction is directly relevant to Plaintiffs' First Amendment claims. Defendant has made his clear in his prior pleadings that he challenges Plaintiffs' claims on the grounds that he was not a state actor when he took the actions against the Plaintiffs. *See generally* Brief in Support of Motion to Dismiss as to Stanley Jason Rapert Individually, Doc. No. 12. Relevant to that question is the Eighth Circuit's recent decision in *Campbell v. Reisch*, which stated that a government official's ostensibly

private social media presence "can turn into a governmental one if it becomes an organ of official business." 986 F.3d 822, 826 (8th Cir. 2021). These requests seek information relevant to making that determination.

Furthermore, because this action involves a claim of viewpoint discrimination in the public forum of Defendant's official social media accounts, the manner in which he manages and utilizes those accounts is critical and irrefutably subject to discovery, as are any complaints, reports, and other communications made to him arising from other users' interactions with his accounts. This information allows Plaintiffs to determine whether and to what extent Defendant, in his official capacity, discriminated against them based on their viewpoints. Accordingly, Defendant should be compelled to respond fully to Interrogatory Nos. 4, 5, 6, 8, and 17 and Request for Production Nos. 3, 4, 6, and 7.

   2.   **The Court Should Compel Defendant to Respond Fully and Completely to Interrogatory Nos. 4 & 8 Because Defendant's Privacy Objections Do Not Outweigh Plaintiffs' Critical Need for Discovery.**

Interrogatories Nos. 4 & 8 seek information regarding active and deleted social media accounts under Defendant's control since May 18, 2014. Defendant objects to these discovery requests on the basis that this information is private, not public, information.

However, social media, phone records, and other private, digital information is not protected by any right of privacy. *See Ritz v. Directory Pub. Solutions Inc.*, 2014 WL 1922957 (E.D. Mo. May 14, 2014) (granting a motion to compel the production of

plaintiffs' phone and internet records showing calls and texts after the production of two of plaintiffs' records uncovered relevant information); *Holter v. Wells Fargo & Co.*, 281 F.R.D. 340, 344 (D. Minn. 2011) (requiring plaintiff's counsel to review all of plaintiff's social media content during the relevant period and produce any content that revealed or referred to plaintiff's mental disability and emotional state previously put at issue by plaintiff). Other jurisdictions similarly hold that social media, diaries, and journals are generally discoverable when relevant to a plaintiff's claims." *See Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 114 (E.D.N.Y. 2013) (observing that "seeking social networking information as opposed to traditional discovery materials does not change the [c]ourt's analysis"); *see also Robinson v. Jones LangLaSalle Ams., Inc.*, 2012 WL 3763545, at *1 (D. Ore. Aug. 29, 2012) (concluding there is "no principled reason to articulate different standards for the discoverability of communications through email, text message, or social media platforms.").

In this matter, Defendant's social media activity is relevant to Plaintiffs' claims because the manner in which he utilizes his social media presence on the whole provides necessary context material to the question of whether he was acting as a state actor when he silenced the Plaintiffs on the specific accounts at issue. *Campbell*, 986 F.3d at 826. In addition, the requested information is likely to demonstrate that he acted against the Plaintiffs because they were critical of his official acts and stated policies. This intent on the part of the Defendant is at the core of any viewpoint

discrimination claim. Because this information is necessary to furthering Plaintiffs' claims, Defendant should be compelled to respond fully to Interrogatory Nos. 4 & 8.

Defendant's claim that producing the requested information could expose him to harassment, *see* **Exhibit 3**, Response to Interrogatory Nos. 4 and 8; **Exhibit 4**, Response to Interrogatory No. 2, does not absolve him of the responsibility to respond to valid discovery requests. Furthermore, the Plaintiffs have already indicated to the Defendant that they would be willing to consent to a limited protective order that would ease this concern. *See* **Exhibit 5** at 9.

> **3. The Court Should Compel Defendant to Respond Fully and Completely to Request for Production Nos. 2 and 3 Because the Requested Information is not Privileged.**

Request for Production Nos. 2 and 3 seek information regarding documents reviewed, referenced, or relied upon in responding to interrogatories and documents and information pertaining to Defendant's decisions to block, ban, mute or otherwise restrict Plaintiffs' social media participation on his official social media accounts. Defendant objects that a response would violate attorney-client privilege and attorney work-product doctrine. Plaintiffs do not seek any materials protected by the attorney-client privilege or work product doctrine, and the Court should order Defendant to supplement his responses accordingly.

First, Plaintiffs submit that they are plainly entitled to the requested information because neither Request Nos. 2 nor 3 seek any attorney work-product or privileged, attorney-client information. "The elements of the attorney-client privilege are: (1)

where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 601-02 (8th Cir. 1977). Defendant makes no such showing. Thus, the requested information is not privileged or work-product and is relevant to Plaintiffs' claims against Defendant for restricting their First Amendment rights and discriminating against them based on their viewpoint.

Second, Plaintiffs submit that Defendant fails to properly object to these requests based on attorney-client privilege or attorney work-product doctrine. Defendant completely fails to provide a privilege log or, in the alternative, assert he is not withholding anything based on privilege. Rule 26(b)(5)(A) requires a party withholding anything based on privilege to (1) expressly make the claim and (2) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, enables other parties to assess the claim.  To the extent that Defendant claims any information requested is privileged, he should be compelled to produce a privilege log. *See Smith v. BNSF Ry. Co.*, 2019 WL 4565055, at *5 (E.D. Ark. Sept. 19, 2019) (ordering defendant to produce a privilege log when defendant refused to produce otherwise responsive documents based on privilege).

In any event, all information requested by Plaintiffs is non-privileged, non-attorney work-product and is relevant to the claims and defenses in this case. Accordingly, the Court should compel Defendant to produce any information that he improperly withheld in discovery. *See Keaton v. Prop. & Cas. Ins. Co. of Hartford*, 2008 WL 2519790, at *3 (E.D. Ark. June 20, 2008) (ordering production of documents where no privilege log was produced).

### 4. The Court Should Compel Defendant to Respond Fully and Completely to Interrogatories Nos. 12 and 13 Because His Objections are Unfounded and Defy Logic.

Litigants have a duty to provide true, explicit, responsive, complete, and candid answers to discovery. *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 609 (D. Neb. 2001). Defendant's responses fail to meet his duty. Indeed, Defendant fails to specify "in sufficient detail to permit [Plaintiff] . . . to locate and to identify . . . the records from which the answer may be ascertained." FED. R. CIV. P. 33(d)(1). Other jurisdictions have elaborated by preventing a party answering interrogatories to limit his answers to matters within his own knowledge and ignore information reasonably available to him or under his control. *Essex Builders Group, Inc. v. Amerisure Insurance Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005). While a responding party is not generally required to conduct extensive research to answer an interrogatory, a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013). Also, if a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts

he used to obtain the information." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996).

Even more, Defendant's claims that information is more easily obtainable from a third party or is both public in nature and equally accessible to both parties is improper. Whether a party has possession of information or can obtain it from a third party is not relevant. *Sagness v. Duplechin*, 2017 WL 1183988, at *2 (D. Neb. Mar. 29, 2017). If he has any of the requested information, he has a duty to provide that information. *Id.* Accordingly, Defendant should be compelled to respond fully and completely to Interrogatories Nos. 12 and 13.

**B.      Defendant's Individual Capacity Objections**

**5.      Defendant's Blanket Overbreadth, Undue Burden, and Disproportionality Objections to Request for Production Nos. 1, 2, 3, and 4 are Invalid.**

In his individual capacity, Defendant first contends that Request for Production Nos. 1, 2, and 4 are so "overly broad, unduly burdensome, . . . and disproportionate to the needs of the case" that answering these requests would require him to "either guess or move through mental gymnastics." Additionally, he claims that Request for Production No. 3 is overbroad. Request Nos. 1, 2, 3, and 4 seek any documents that: Defendant used in answering each interrogatory; are relevant to the lawsuit; or were used or referred to by Defendant in his responses for the request for productions. These are standard requests utilized in the discovery process. As such, it seems odd that Defendant's counsel would be so taken aback by these request that he would be

unable to give any real meaningful response, and claim he could only "make my best guess at what you are wanting".

Additionally, in Defendant's response to Plaintiffs' good faith letter, he attempts to argue that the discovery request are not proper because they lack the specificity necessary to avoid, "laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details*"* citing to *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445 (D. Kan. 2000). Similarly, Defendant also relies on *In re MGM Mirage Sec. Litig.*, WL 6675732, at *2 (D. Nev. Nov. 25, 2014) in which the Court determined that requests seeking "all facts and all information related to each and every allegation" are objectionable "if the burden outweighs the benefit in light of the issues at stake in the action."

The party opposing discovery has the burden of showing that discovery requests are overly broad, unduly burdensome, or not relevant. *Kirby v. United Am. Ins. Co.*, 2009 WL 10675166, at *2 (E.D. Ark. Feb. 13, 2009). Boilerplate objections that claim discovery requests are "overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence," are—and have been for decades—improper and a violation of the letter and spirit of the Federal Rules. *Id.* Additionally, ". . . boilerplate, generalized objections are not only improper, but also are tantamount to no objection at all." *Id.* Further, "A party claiming requests are unduly burdensome *cannot* make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733,

743 (8th Cir. 2018). Specifically, in *Vallejo*, the Court noted that a party has failed to establish there is an undue burden where the only things it submitted to the court were "the conclusory statements . . . that the requested information is onerous." *Id.*

Boilerplate objections such as those advanced by Defendant in his responses to Request Nos. 1, 2, 3, and 4 are improper. Yet, despite the clear requirement that his objections must be adequately articulated, Defendant continues to provide no evidence or argument that would support his allegation that complying with his obligations in this litigation is "laborious" or would require an unnecessary "time-consuming analysis." Instead, Defendant merely made, and continues to maintain, the same repetitive, conclusory objections. The issues in this case are of constitutional magnitude. Providing answers to these Requests is essential. As such, there can be no doubt that the benefit of answering these request far exceeds any potential burden.

The information requested in Request for Production Nos. 1, 2, 3, and 4 are directly related to Plaintiffs' allegations in this lawsuit, and as such this information is both relevant and discoverable. To sustain his unfounded objections, Defendant is required to make a specific, detailed showing of how Request for Production No. 1, 2, 3, and 4 are unduly broad, overly burdensome, and disproportionate to the needs of the case. Defendant has failed to meet his burden and, despite Plaintiffs' good faith attempts to resolve this matter without Court intervention, has nonetheless persisted in maintaining his boilerplate objections. Accordingly, Plaintiffs' respectfully request that

the Court enter an order compelling Defendant's responses to Request for Production
Nos. 1, 2, 3, and 4.

### 6. The Court Should Compel Defendant's Responses to Request for Production Nos. 1, 3, and 4 Because His Objections are Improper and Without Reason.

As stated above, Request for Production Nos. 1, 3 and 4 seek documents that
Defendant used, or were identified by him, in his discovery responses and any
documents that are relevant to the disputed facts in the Complaint. Defendant
additionally objects to these discovery requests on the basis that they "unavoidably
invade attorney work-product and attorney-client privilege."

Plaintiffs submit that they are entitled to the requested information because
their requests do not seek or even touch on any attorney-client privilege or attorney
work-product information. Additionally, Defendant fails to properly raise an objection
to these requests on the basis of attorney-client privilege or attorney work product:
"Any objection based on privilege requires far more than a rote recitation that a
document is shielded from protection by privilege." *Kirby v. United Am. Ins. Co.*, 2009
WL 10675166, at *4 (E.D. Ark. Feb. 13, 2009).

Defendant also completely fails to provide a privilege log or, in the alternative,
assert that he is not withholding anything on the basis of privilege. Rule 26(b)(5)(A)
requires that when a party withholds anything on the basis of privilege, the party must
(1) expressly make the claim and (2) "describe the nature of the documents,
communications, or tangible things not produced or disclosed—and do so in a manner

that, without revealing information itself privileged or protected, will enable other parties to assess the claim." To the extent that Defendant claims any information requested is privileged, he should be compelled to produce a privilege log so that Plaintiffs may have an opportunity to explore and address such objections further. However, despite Plaintiffs' good faith attempt toward resolving these particular issues by describing with even more particularity what documents are being requested, Defendant still continues to maintain his improper objections without meeting any of his obligations as enumerated under Fed. R. Civ. Pro. 26(b)(5)(A). Defendant's attorney in his individual capacity further argues that by *requesting a privilege log*, Plaintiffs are requesting him to produce "every document in my client file or elsewhere." **Exhibit 7**, at Request for Production 3. Yet, the purpose of the privilege log is to prevent the Defendant from doing just that, while protecting any privileged information.

Based on this, Defendant has clearly failed to meet his obligations and continues to do so. Accordingly, Plaintiffs' respectfully request that the Court enter an order compelling Defendant's responses to Request for Production Nos. 1, 3, and 4.

   **7.    The Court Should Compel Defendant's Responses to Interrogatory Nos. 1 and 2 Because Plaintiffs Are Entitled to Conduct Discovery on All Relevant and Nonprivileged Matters.**

Interrogatory Nos. 1 and 2 seek information related to Defendant's internet service providers and any devices used to access Defendant's social media accounts. Defendant objects to Interrogatory Nos. 1 and 2 on the basis of relevance and the

request being disproportionate to the needs of the case. These objections are unfounded.

Plaintiffs have a right to conduct discovery on all matters that are relevant and non-privileged. Information regarding what internet service providers and devices Defendant uses or has used in order to access his social media accounts go to the heart of this case. As the Supreme Court stated in *Hickman*, "[m]utual knowledge of all relevant facts gathered by both parties is essential to proper litigation" and "discovery rules are to be accorded a broad and liberal treatment." 329 U.S. 495, 507–08 (1947). The inquiry for determining whether the information falls within the broad scope of discovery is whether the information is relevant. *Id.*

Defendant specifically objects to subparts of the Interrogatory Nos. 1 and 2 based on his belief that what Plaintiffs are requesting is not relevant to the claim, and that such request are disproportionate to the needs of the case. However, the Supreme Court has held that a "relevant" matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on," any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Thus, while Defendant may not personally believe what is requested may be particularly relevant, Plaintiffs maintain their position that both Interrogatory Nos. 1 and 2 will provide substantive, relevant information or will likely lead to the discovery of substantive and relevant information.

Further, as this cannot be stated enough, the issues in this case are of constitutional magnitude. Producing this information would come at no cost to Defendant and would likely take little to no time. Although the burden is basically non-existent, the benefit of confirming his First amendment violations and providing justice for the Plaintiffs would undoubtedly outweigh what little burden may exist. Fed. R. Civ. P. 26(b)(1).

Thus, absent a specific articulation of facts supporting his conclusion that Plaintiffs' requests are not relevant and are disproportionate to the needs of the case, Defendant has not proffered the required good cause to support the basis for such objections. Accordingly, Plaintiffs respectfully request that the Court enter an order compelling Defendant's full and complete responses to Interrogatory Nos. 1 and 2.

### 8. The Court Should Compel Defendant to Respond Fully and Completely to Request for Interrogatory No. 2 Because the Information is Highly Relevant and Does Not Constitute a Breach of Privacy.

Interrogatory No. 2 requests Defendant provide information regarding all devices that were and are used to access his social media accounts. The information requested includes: the owner of the device; all individuals authorized to use the device; the manufacturer of the device; the model number of the device; phone numbers and email addresses, data providers, and IMEI numbers for mobile devices; and the internet service provider, location, and IP address of all other devices. Defendant objects to this Interrogatory and its subparts on the grounds that it request private and personal information that could potentially subject him to harassment.

It is well settled within the 8th Circuit that "a person has no reasonable expectation of privacy in internet subscriber data, including his IP address . . .", *United States v. Dzwonczyk*, 2016 WL 11396811, at *4 (D. Neb. Dec. 23, 2016). "A person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *United States v. Miller*, 425 U.S. 435, 442-44 (1976). Additionally, social media, phone records, and other private, digital information is not protected by any right of privacy. *See Ritz v. Directory Pub. Solutions Inc.*, 2014 WL 1922957 (E.D. Mo. May 14, 2014).

While Plaintiffs maintain that Defendant's objection is without merit, in the course of Plaintiffs' good faith attempt to resolve this discovery dispute Plaintiffs offered to consent to the issuance of a protective order that would cover such information. Although Defendant has not acknowledged this offer, Plaintiffs stand by it. Consequently, any concerns regarding the potential for harassment of Defendant should be alleviated. Opening the door for harassment is not Plaintiffs' intent or purpose. To the contrary, this information is highly relevant and must be produced. Thus, Plaintiffs request an order compelling Defendant to respond to Interrogatory No. 2.

### IV. REQUEST FOR ATTORNEYS' FEES

Rule 37 mandates that a party whose conduct necessitates the filing of a motion to compel discovery responses be required to pay the moving party's reasonable expenses incurred in making the motion. FED. R. CIV. P. 37(a)(5)(A). As discussed in

Section II, Plaintiffs attempted to work with Defendant in resolving these discovery issues without the necessity of seeking the Court's intervention. Despite these good-faith attempts to avoid the necessity of filing this Motion, Defendant has failed and refused to provide adequate responses to Plaintiffs' discovery requests. Because the Motion was made necessary by Defendant's conduct, the Court should order Defendant to pay the reasonable attorney's fees incurred by the Plaintiffs. Plaintiffs are prepared to submit a fee petition within ten days from the Court's decision on this Motion.

## V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion and Compel in its entirety, that Defendant be ordered to provide complete responses to Plaintiffs' discovery requests as identified, that Defendant be ordered to pay Plaintiffs' reasonable attorneys' fees incurred in bringing this Motion, that the last day for discovery be extended to allow Plaintiffs to review Defendant's responses and schedule depositions, and any other appropriate relief.

Respectfully submitted,

Geoffrey T. Blackwell
American Atheists Legal Center
1201 S. Courthouse Rd. #425
Arlington, VA 22204
Phone: (908) 276-7300, ext. 310
Fax: (908) 344-3927
Email: GBlackwell@atheists.org

*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Geoffrey T. Blackwell of American Atheists, Inc., hereby certify that the foregoing was served upon all parties of record via the Court's CM/ECF system on this 7th day of September, 2021, to wit:

William C. Bird
Office of the Attorney General
323 Center Street
Suite 200
Little Rock, AR 72201
william.bird@arkansas.gov

Paul Byrd
Jordan Davis
Paul Byrd Law Firm, PLLC
415 N. McKinley St.
Suite 210
Little Rock, AR 72205
paul@paulbyrdlawfirm.com

Geoffrey T. Blackwell
American Atheists Legal Center
1201 S. Courthouse Rd. #425
Arlington, VA 22204
Phone: (908) 276-7300, ext. 310
Fax: (908) 344-3927
Email: GBlackwell@atheists.org

*<u>Attorney for Plaintiffs</u>*