IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS,
CENTRAL DIVISION

**AMERICAN ATHEISTS, INC.;**
**BETTY JO FERNAU;**
**CATHERINE SHOSHONE;**
**ROBERT BARRINGER; and**
**KAREN DEMPSEY,**                                                                             **Plaintiffs,**

v.                                      Case No. 4:19cv17-KGB

**STANLEY JASON RAPERT,**
*In his individual and official capacity,*                                                    **Defendant.**


**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND INTERROGATORIES TO DEFENDANT STANLEY JASON RAPERT
<u>IN HIS OFFICIAL CAPACITY</u>**


<u>DEFINITIONS & INSTRUCTIONS</u>

The following definitions shall have the following meanings, unless the context requires otherwise:

1. <u>Parties.</u> The term "plaintiff(s)" or "defendant(s)" as well as a party's full or abbreviated name or pronoun referring to a party means the party and, where applicable, its officers directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.
2. <u>Person.</u> The term "person(s)" is defined as any natural person or any business, legal or governmental entity, or association.
3. <u>Document.</u> The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes computer records in any format.  A draft or non-identical copy is a separate document within the meaning of this term.
4. <u>Communication.</u> The term "communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.
5. <u>Social media.</u> Internet applications that permit individuals or organizations to interactively share content and communicate.

6. <u>Social network.</u> A group of people that use the internet to share and communicate, either professionally or personally, in a public setting typically based on a specific theme or interest. For example, Facebook, Twitter, Instagram, LinkedIn, and Parler are social networks
7. <u>Social network account.</u> Includes all aspects of a social network platform over which the user has control, including profiles, pages, lists, and groups.
8. <u>Social media post.</u> Content shared on a social network through a user's profile.
9. <u>Social media message.</u> A private communication between two users of a social network.
10. <u>Text message.</u> An SMS or MMS message sent from one phone or other mobile device to another.
11. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.
12. <u>All/Each.</u> The terms "all" and "each" shall be construed as "and," "each," and "and/or."
13. <u>Any.</u> The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
14. <u>And/Or.</u> The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.
15. <u>Number.</u> The use of the singular form of any word includes the plural and vice-versa.
16. <u>Incidents made the subject of this lawsuit.</u> The terminology "incidents made the subject of this lawsuit" refers to the incidents as set out in plaintiffs' pleadings including the complaint.
17. For any requested documents or tangible things that you claim to be protected by an immunity or privilege, state as to each such document the privilege or immunity asserted and the following information:
    a. the author(s);
    b. the date;
    c. the subject matter of the document(s) or tangible thing(s); and
    d. the basis for the claim of privilege or immunity.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce all exhibits, demonstrative exhibits, documents, recordings, and summaries that you will or may introduce into evidence or otherwise use in connection with the claims made or defenses raised in your Answer.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents reviewed, referenced, or relied on in responding to each interrogatory.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents and recordings which are in your possession or control concerning each incident made the subject of this lawsuit. This includes, but is not limited to:
   a. All reports, notes, forms, screenshots, or other records documenting your decisions to block, ban, mute, or otherwise restrict each of the individual plaintiffs on your social media accounts, or delete their comments responding to your posts thereon;
   b. All rules, guidance, regulations, memos, reports or other documents reviewed or relied on when deciding to block, ban, mute, or otherwise restrict each of the individual plaintiffs on your social media accounts, or delete their comments responding to your posts thereon; and
   c. All emails, letters, faxes, texts, social media posts and messages, and all other correspondence describing, discussing, or otherwise relating to your decisions to block, ban, mute, or otherwise restrict each of the individual plaintiffs on your social media accounts, or delete their comments responding to your posts thereon.

**REQUEST FOR PRODUCTION NO. 4:** Produce a copy of each account identified in response to Interrogatory # 4, below, in the native format provided by each account's respective social media platform. Include any account you have either deactivated or deleted.

**REQUEST FOR PRODUCTION NO. 5:** Produce all emails, letters, faxes, text messages, social media messages, and other correspondence, including drafts, between you and each of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 6:** Produce all emails, letters, faxes, text messages, social media posts and messages, and other correspondence sent by you containing any of the following terms and phrases:
   a. Block;
   b. Ban;
   c. Mute;

    d.     Barringer;
    e.     Dempsy;
    f.     Shoshone;
    g.     Fernau;
    h.     Godless;
    i.     Atheist;
    j.     Humanist;
    k.     Satanist;
    l.     Nonbeliever;
    m.     Nonreligious;
    n.     Secular;
    o.     Heathen;
    p.     Infidel;
    q.     Leftist;
    r.     Socialist;
    s.     Communist;
    t.     Muslim;
    u.     Islamic;
    v.     "Church and state";
    w.     "Project Blitz";
    x.     "Christian country"; and
    y.     "Christian nation".

**REQUEST FOR PRODUCTION NO. 7:** Produce all emails, letters, faxes, text messages, social media posts and messages, and other correspondence received by you in which the sender reported content on your social media accounts that potentially violates either your rules or the social network's terms of service and your response(s) thereto.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents concerning electronic devices issued to Defendant Rapert by the State of Arkansas from May 18, 2014 to the present, including but not limited to:
    a.     Monthly usage statements;
    b.     Model numbers, serial numbers, and IMEI numbers; and
    c.     Contracts, acknowledgements, waivers and other documents signed by Defendant Rapert upon receipt of each device.

**REQUEST FOR PRODUCTION NO. 9:** Produce in electronic format all emails received from addresses from the following domains on or after May 18, 2014:
    a.     verify@twitter.com;
    b.     security@facebookmail.com;
    c.     support@parler.com; and

    d.    security-noreply@linkedin.com.

**REQUEST FOR PRODUCTION NO. 10:**   Produce the *curriculum vitae* of each expert witness you intend to call to testify at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 11:**   Produce all documents relied on by any person retained as an expert witness in this case in formulating her or his expert opinion.

**REQUEST FOR PRODUCTION NO. 12:**   Produce all written reports or opinions prepared or generated for this case by any person retained as an expert witness in this case.

**REQUEST FOR PRODUCTION NO. 13:**   Produce every other document or tangible thing, not previously disclosed or produced, relevant to resolution of a claim or defense asserted in this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:**   Produce all documents and tangible things identified by or relevant to your response to a discovery request and/or referred to by you in responding to a discovery request or used by you in preparation of your disclosures or supplementation thereto.

**REQUEST FOR PRODUCTION NO. 15:**   Produce all documents, data compilations, and tangible things, in the possession custody or control of defendant that are relevant to disputed facts alleged with particularity in the pleadings.  Include the identity of the person compiling the list and describe information by category and location. FRCP 26(a)(1).

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify with particularity the person or persons answering these interrogatories and requests for production and each and every person and entity who assisted with or was consulted in answering these interrogatories and responding to these requests for production, excluding your attorneys. For each person and entity, identify the specific interrogatories and requests for production for which they were consulted and/or provided documents or information.

**INTERROGATORY NO. 2:**  Identify with particularity each and every person and entity who you believe has knowledge of the facts, events, transactions, and

circumstances surrounding the facts of this case and, for each person or entity identified, state:
a. Name;
b. Phone number;
c. Address; and
d. In detail, the subject matter of the person or entity's knowledge.

**INTERROGATORY NO. 3:** With regard to each person you intend to call as an expert witness at the trial of this matter, please state the following:
a. The subject matter on which the person is expected to testify;
b. The substance of the facts and opinions to which the person is expected to testify;
c. A summary of the grounds for each opinion;
d. Identify with particularity each and every document or tangible thing furnished to each such expert by you or anyone acting on your behalf; and
e. Identify with particularity each and every case wherein the person has testified or given a deposition, together with the style of the case and the court in which the case is pending or was heard.

**INTERROGATORY NO. 4:** Identify with particularity every social media account, as well as any deactivated or deleted account. including pages and groups, under your control since May 18, 2014, including for each account:
a. The URL(s) of the account;
b. All email addresses associated with the account;
c. All phone numbers associated with the account;
d. Each title, handle, tag, or name by which the account was known and, if the account had multiple titles, handles, tags, or names, the date each began to be used for the account;
e. The dates on which your control of the account began and ended;
f. If the account is no longer publicly available, the reason the account is no longer publicly available and the date on which the account was paused, suspended, made private, deleted, deactivated, or otherwise terminated; and
g. Identify and produce all documents relied on in responding to this interrogatory.

**INTERROGATORY NO. 5:** Describe with particularity every instance in which you restricted (through blocking or banning the person, deleting the person's comment(s), or other means) a person's ability to interact with any of the accounts identified in response to Interrogatory # 4, above, including for each instance the following:

     a.     The name of the person restricted;
     b.     The username of the person restricted;
     c.     The date(s) on which you restricted the person;
     d.     Your rationale for restricting the person; and
     e.     Identify and produce all documents relied on in responding to this interrogatory.

**INTERROGATORY NO. 6:** Describe with particularity every instance in which you considered restricting (through blocking or banning the person, deleting the person's comment(s), or other means) a person's ability to interact with any of the accounts identified in response to Interrogatory # 4, above, but decided not to do so, including for each instance the following:
     a.     The name of the person;
     b.     The username of the person;
     c.     The date(s) on which you considered restricting the person;
     d.     The reason you considered restricting the person;
     e.     Your rationale for not restricting the person; and
     f.     Identify and produce all documents relied on in responding to this interrogatory.

**INTERROGATORY NO. 7:** Describe with particularity the process you use when determining whether to restrict (through blocking or banning the person, deleting the person's comment(s), or other means) a person's ability to interact with each of the accounts identified in response to Interrogatory # 4, above, including:
     a.  Any rules applied;
     b.  Guidance referred to;
     c.  Procedures followed; and
     d.  Individuals consulted.

**INTERROGATORY NO. 8:** Describe with particularity the substance and rationale for all changes made to each of the social media accounts identified in response to Interrogatory # 4, above, (excluding the creation of new posts or tweets) on or after October 2, 2018, including, but not limited to, changes to the following:
     a.     Contact information, including addresses, phone numbers, fax numbers, email addresses, and URLS;
     b.     "About" information;
     c.     Biographical information;
     d.     "Impressum" information;
     e.     Rules;
     f.     Owners, administrators, editors, content creators, and other users authorized to access the account;

    g.    Descriptions;
    h.    Categories; and
    i.    Locations.

**INTERROGATORY NO. 9:** Describe with particularity the network services and local area network infrastructure made available to you by the state of Arkansas at the Arkansas State Capitol and any other government-run building, including:
    a.    The name of the service;
    b.    The nature of the service or infrastructure;
    c.    How frequently you access the service or infrastructure;
    d.    Your usage of the service or infrastructure;
    e.    Whether the service or infrastructure is open to all or requires user credentials; and
    f.    The government employees and contractors that provide support for the service or infrastructure.

**INTERROGATORY NO. 10:** Identify and describe with particularity all regulations, ethics rules, guidance, and training relating to Arkansas elected officials' use of government resources, including:
    a.    Restrictions on private use of government property;
    b.    Use of Arkansas State Capitol facilities;
    c.    Use of government property for the promotion of private entities;
    d.    Use of electronic devices in the Arkansas State Capitol; and
    e.    Use of social media by elected officials.

**INTERROGATORY NO. 11:** Describe with particularity the network services and local area network infrastructure made available to elected officials by the state of Arkansas at the Arkansas State Capitol, including:
    a.    The name of the service;
    b.    The nature of the service or infrastructure;
    c.    The itemized cost of providing and maintaining the service or infrastructure; and
    d.    Whether the service or infrastructure is open to all or requires user credentials.

**INTERROGATORY NO. 12:** Identify with particularity all Arkansas state government employees and contractors responsible for supporting, servicing, and maintaining network services and infrastructure on the grounds of the Arkansas State Capitol, including:
    a.    Name;
    b.    Title;
    c.    Immediate supervisor;

    d.    Employer;
    e.    Office address;
    f.    Phone number;
    g.    Email address; and
    h.    Job description.

**INTERROGATORY NO. 13:** Identify with particularity all Arkansas state government employees and contractors responsible for supporting, servicing, and maintaining network services and infrastructure intended for official use by Arkansas state senators, including:
    a.    Name;
    b.    Title;
    c.    Employer;
    d.    Office address;
    e.    Phone number;
    f.    Email address; and
    g.    Job description.

**INTERROGATORY NO. 14:** Identify with particularity all internet service providers and mobile data providers you contracted with on or after May 18, 2014, for service at the Arkansas State Capitol and for each provide:
    a.    The service(s) contracted for; and
    b.    The monthly cost of each service; and
    c.    Provide a copy of each contract.

**INTERROGATORY NO. 15:** Identify with particularity all internet service providers and mobile data providers you contracted with on or after May 18, 2014, for service on behalf of elected officials and for each provide:
    a.    The service(s) contracted for; and
    b.    The monthly cost of each service;
    c.    The classes of elected officials receiving the benefit of the service; and
    d.    Provide a copy of each contract.

**INTERROGATORY NO. 16:** Identify with particularity all devices provided to you by the State of Arkansas, including for each device:
    a.    The owner of the device;
    b.    Individuals authorized to use the device;
    c.    The manufacturer of the device;
    d.    The model number of the device;
    e.    For mobile devices, the phone number(s) and/or email address(es) associated with the device, the data provider, and the IMEI number; and

  f. For all other devices, the internet service provider, location and IP address of the device.

**INTERROGATORY NO. 17:** Identify with particularity each complaint, sustained complaint, and/or reprimand made, filed, or entered against Defendant Rapert with any regulatory, ethics, or oversight body of the State of Arkansas on or after January 1, 2010, setting out the nature of the complaint or reprimand, as well as the name, address, and phone number of the complainant(s) and the final disposition of the complaint(s) or reprimand(s).

**INTERROGATORY NO. 18:** List with particularity every person you intend to call as a witness in this matter in support of your claims or defenses.