IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS,
CENTRAL DIVISION

AMERICAN ATHEISTS, INC.;
BETTY JO FERNAU;
CATHERINE SHOSHONE;
ROBERT BARRINGER; and
KAREN DEMPSEY,                                                                Plaintiffs,

v.                          Case No. 4:19cv17-KGB

STANLEY JASON RAPERT,
*In his individual and official capacity,*                                    Defendant.

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND INTERROGATORIES TO DEFENDANT STANLEY JASON RAPERT
IN HIS INDIVIDUAL CAPACITY**

DEFINITIONS & INSTRUCTIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. <u>Parties.</u> The term "plaintiff(s)" or "defendant(s)" as well as a party's full or abbreviated name or pronoun referring to a party means the party and, where applicable, its officers directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.
2. <u>Person.</u> The term "person(s)" is defined as any natural person or any business, legal or governmental entity, or association.
3. <u>Document.</u> The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term.
4. <u>Communication.</u> The term "communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.
5. <u>Social media.</u> Internet applications that permit individuals or organizations to interactively share content and communicate.

6. <u>Social network.</u> A group of people that use the internet to share and communicate, either professionally or personally, in a public setting typically based on a specific theme or interest. For example, Facebook, Twitter, Instagram, LinkedIn, and Parler are social networks
7. <u>Social network account.</u> Includes all aspects of a social network platform over which the user has control, including profiles, pages, lists, and groups.
8. <u>Social media post.</u> Content shared on a social network through a user's profile.
9. <u>Social media message.</u> A private communication between two users of a social network.
10. <u>Text message.</u> An SMS or MMS message sent from one phone or other mobile device to another.
11. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.
12. <u>All/Each.</u> The terms "all" and "each" shall be construed as "and," "each," and "and/or."
13. <u>Any.</u> The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
14. <u>And/Or.</u> The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.
15. <u>Number.</u> The use of the singular form of any word includes the plural and vice-versa.
16. <u>Incidents made the subject of this lawsuit.</u> The terminology "incidents made the subject of this lawsuit" refers to the incidents as set out in plaintiffs' pleadings including the complaint.
17. For any requested documents or tangible things that you claim to be protected by an immunity or privilege, state as to each such document the privilege or immunity asserted and the following information:
    a. the author(s);
    b. the date;
    c. the subject matter of the document(s) or tangible thing(s); and
    d. the basis for the claim of privilege or immunity.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**    Produce all documents reviewed, referenced, or relied on in responding to each interrogatory.

**REQUEST FOR PRODUCTION NO. 2:**    Produce each other document or tangible thing, not previously disclosed or produced, relevant to resolution of a claim or defense asserted in this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:**    Produce all documents and tangible things identified by or relevant to your response to a discovery request and/or referred to by you in responding to a discovery request or used by you in preparation of your disclosures or supplementation thereto.

**REQUEST FOR PRODUCTION NO. 4:**    Produce all documents, data compilations, and tangible things, in the possession custody or control of defendant that are relevant to disputed facts alleged with particularity in the pleadings.  Include the identity of the person compiling the list and describe information by category and location. FRCP 26(a)(1).

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify with particularity all internet service providers and mobile data providers you contracted with on or after May 18, 2014, and for each provide:
    a.    The service(s) contracted for;
    b.    The monthly cost of each service; and
    c.    If the cost of the service was reimbursed by the State of Arkansas or any branch, department, or subdivision thereof, provide copies of all applications for reimbursement and responses thereto.

**INTERROGATORY NO. 2:**  Identify with particularity all devices used to access your social media accounts on or after May 18, 2014, including for each device:
    a.    The owner of the device;
    b.    Individuals authorized to use the device;
    c.    The manufacturer of the device;
    d.    The model number of the device;
    e.    For mobile devices, the phone number(s) and/or email address(es) associated with the device, the data provider, and the IMEI number; and
    f.    For all other devices, the internet service provider, location and IP address of the device.

**INTERROGATORY NO. 3:**  Identify with particularity each person who has ever sued you or written or caused to be written any demand letter or email making a legal claim against you since January 1, 2010. Include in your response the person's name, address, and telephone number, as well as the nature of the alleged matter, the individual making the accusation, the names of the attorneys who represented you and/or the individually named defendants and the claimant/plaintiff, the style, cause number and court of each suit and the final disposition of the claim.

**INTERROGATORY NO. 4:**  Have you ever been arrested and/or convicted for any crime, including felonies or crimes of moral turpitude?  If your answer is yes, please describe the nature of the charge and identify the date, cause number, location, and final disposition of each arrest or conviction.

**INTERROGATORY NO. 5:**  Please identify each complaint, sustained complaint, and/or reprimand made, filed, or entered against you with any regulatory, professional, or government body on or after January 1, 2010, setting out the nature of the complaint or reprimand, as well as the name, address, and phone number of the complainant(s) and the final disposition of the complaint(s) or reprimand(s).

**INTERROGATORY NO. 6:** Identify every person with knowledge of relevant facts in this matter and summarize each person's knowledge and/or opinions.