IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

AMERICAN ATHEISTS, INC.;
BETTY JO FERNAU;
CATHERINE SHOSHONE;
ROBERT BARRINGER; and
KAREN DEMPSEY,                                                              Plaintiffs,

v.                                    Case No. 4:19cv17-KGB

STANLEY JASON RAPERT,
*In his individual and official
capacity,*                                                                   Defendant

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTSAND INTERROGATORIES IN HIS OFFICIAL CAPACITY**

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**   Produce all exhibits, demonstrative exhibits, documents, recordings, and summaries that you will or may introduce into evidence or otherwise use in connection with the claims made or defenses raised in your Answer.

**RESPONSE TO RFP NO. 1:**  Defendant has not yet made determinations as to what exhibits he may or will rely upon at a trial of this matter. This Response will be supplemented, as necessary, in a manner consistent with the applicable rules of civil procedure and the Court's scheduling orders. Defendant reserves the right to use at trial any documents produced in discovery by either party or attached to any pleading filed in this matter.

**REQUEST FOR PRODUCTION NO. 2:**   Produce all documents reviewed, referenced, or relied on in responding to each interrogatory.

**RESPONSE TO RFP NO. 2:**  Objection. Defendant objects to the extent this request seeks documents protected by attorney work product and/or attorney-client privilege. Without waiving said objection, the documents produced as DEF – OFF 001 – 083, and otherwise referenced in response to specific interrogatories or requests for production, constitute the documents

1

reviewed, referenced or relied upon in responding to these requests.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents and recordings which are in your possession or control concerning each incident made the subject of this lawsuit. This includes, but is not limited to:
  a. All reports, notes, forms, screenshots, or other records documenting your decisions to block, ban, mute, or otherwise restrict each of the individual plaintiffs on your social media accounts, or delete their comments responding to your posts thereon;
  b. All rules, guidance, regulations, memos, reports or other documents reviewed or relied on when deciding to block, ban, mute, or otherwise restrict each of the individual plaintiffs on your social media accounts, or delete their comments responding to your posts thereon; and
  c. All emails, letters, faxes, texts, social media posts and messages, and all other correspondence describing, discussing, or otherwise relating to your decisions to block, ban, mute, or otherwise restrict each of the individual plaintiffs on your social media accounts, or delete their comments responding to your posts thereon.

**RESPONSE TO RFP NO. 3:**
  a. See attached as DEF – OFF 001.
  b. See attached as DEF – OFF 001.
  c. Objection. Defendants objects on the basis of attorney-client privilege to the extent this request encompasses any communications between Defendant and counsel. Defendant has no other documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:** Produce a copy of each account identified in response to Interrogatory # 4, below, in the native format provided by each account's respective social media platform. Include any account you have either deactivated or deleted.

**RESPONSE TO RFP NO. 4:** Objection. It is unclear as to what is meant by the request to produce a "copy of each account" and Defendant will not speculate as to what is being requested. Defendant further objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). The "accounts" requested that are the subject of this lawsuit are publicly available and equally accessible to both parties. Finally, Defendants object to any request to produce documents related to any accounts which are not the subject of this litigation.

**REQUEST FOR PRODUCTION NO. 5:**    Produce all emails, letters, faxes, text messages, social media messages, and other correspondence, including drafts, between you and each of the Plaintiffs.

**RESPONSE TO RFP NO. 5:** See documents attached as DEF – OFF 009 – 060. The Defendant will supplement this response if additional documents are identified.

**REQUEST FOR PRODUCTION NO. 6:**    Produce all emails, letters, faxes, text messages, social media posts and messages, and other correspondence sent by you containing any of the following terms and phrases:
a.   Block;
b.   Ban;
c.   Mute;
d.   Barringer;
e.   Dempsy;
f.   Shoshone;
g.   Fernau;
h.   Godless;
i.   Atheist;
j.   Humanist;
k.   Satanist;
l.   Nonbeliever;
m.   Nonreligious;
n.   Secular;
o.   Heathen;
p.   Infidel;
q.   Leftist;
r.   Socialist;
s.   Communist;
t.   Muslim;
u.   Islamic;
v.   "Church and state";
w.   "Project Blitz";
x.   "Christian country"; and
y.   "Christian nation".

**RESPONSE TO RFP NO. 6:** Objection. Defendant objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). As written, this

3

request seeks literally every document in which Defendant, over the course of his lifetime, has used any of the 25 designated terms. Finally, any social media posts which contain any of the 25 designated terms are publicly available and equally accessible to both parties.

**REQUEST FOR PRODUCTION NO. 7:** Produce all emails, letters, faxes, text messages, social media posts and messages, and other correspondence received by you in which the sender reported content on your social media accounts that potentially violates either your rules or the social network's terms of service and your response(s) thereto.

**RESPONSE TO RFP NO. 7:** Objection. It is unclear what is meant by documents "in which sender reported content on your social media accounts that potentially violates either your rules or the social network's terms of service." Additionally, Defendant objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). Further, to the extent this request is seeking documents in which a sender reported content to a third party, Defendant has no such documents responsive to this request, and in fact, may not have ever been made aware of such a report. Finally, Defendants object to any request to produce documents related to any accounts which are not the subject of this litigation.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents concerning electronic devices issued to Defendant Rapert by the State of Arkansas from May 18, 2014 to the present, including but not limited to:
  a. Monthly usage statements;
  b. Model numbers, serial numbers, and IMEI numbers; and
  c. Contracts, acknowledgements, waivers and other documents signed by Defendant Rapert upon receipt of each device.

**RESPONSE TO RFP NO. 8:**
  a. Defendant has no documents responsive to this request;
  b. See document attached as DEF – OFF 61.
  c. See document attached as DEF – OFF 61.

**REQUEST FOR PRODUCTION NO. 9:** Produce in electronic format all emails received from addresses from the following domains on or after May 18, 2014:
  a. verify@twitter.com;
  b. security@facebookmail.com;
  c. support@parler.com; and

4

    d.    security-noreply@linkedin.com.

**RESPONSE TO RFP NO. 9:** Objection. Defendant objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). Finally, Defendants object to any request to produce documents related to any accounts which are not the subject of this litigation. Without waiving said objection, see documents attached as DEF – OFF 008. The Defendant will supplement this response if additional documents are identified.

**REQUEST FOR PRODUCTION NO. 10:** Produce the *curriculum vitae* of each expert witness you intend to call to testify at the trial of this matter.

**RESPONSE TO RFP NO. 10:** Defendant has not retained an expert in this case. Defendant will timely supplement this response, if necessary.

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents relied on by any person retained as an expert witness in this case in formulating her or his expert opinion.

**RESPONSE TO RFP NO. 11:** See Response to RFP No. 10.

**REQUEST FOR PRODUCTION NO. 12:** Produce all written reports or opinions prepared or generated for this case by any person retained as an expert witness in this case.

**RESPONSE TO RFP NO. 12:** See Response to RFP No. 10.

**REQUEST FOR PRODUCTION NO. 13:** Produce every other document or tangible thing, not previously disclosed or produced, relevant to resolution of a claim or defense asserted in this lawsuit.

**RESPONSE TO RFP NO. 13:** Defendant has identified no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents and tangible things identified by or relevant to your response to a discovery request and/or referred to by you in responding to a discovery request or used by you in preparation of your disclosures or supplementation thereto.

**RESPONSE TO RFP NO. 14:** See Response to RFP No. 2.

**REQUEST FOR PRODUCTION NO. 15:**   Produce all documents, data compilations, and tangible things, in the possession custody or control of defendant that are relevant to disputed facts alleged with particularity in the pleadings.  Include the identity of the person compiling the list and describe information by category and location. FRCP 26(a)(1).

**RESPONSE TO RFP NO. 15:**  See Response to RFP No. 2. To the extent not already produced, Defendant has identified no additional documents responsive to this Request.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify with particularity the person or persons answering these interrogatories and requests for production and each and every person and entity who assisted with or was consulted in answering these interrogatories and responding to these requests for production, excluding your attorneys. For each person and entity, identify the specific interrogatories and requests for production for which they were consulted and/or provided documents or information.

**RESPONSE TO INTERROGATORY NO. 1:**  Defendant and counsel.

**INTERROGATORY NO. 2:**     Identify with particularity each and every person and entity who you believe has knowledge of the facts, events, transactions, and circumstances surrounding the facts of this case and, for each person or entity identified, state:
a. Name;
b. Phone number;
c. Address; and
d. In detail, the subject matter of the person or entity's knowledge.

**RESPONSE TO INTERROGATORY NO. 2:**
a, b, c.   Parties to this lawsuit;
d.   The claims and defenses as set forth in the parties' initial pleadings

**INTERROGATORY NO. 3:**     With regard to each person you intend to call as an expert witness at the trial of this matter, please state the following:
a. The subject matter on which the person is expected to testify;
b. The substance of the facts and opinions to which the person is expected to testify;
c. A summary of the grounds for each opinion;

6

      d.      Identify with particularity each and every document or tangible thing furnished to each such expert by you or anyone acting on your behalf; and

      e.      Identify with particularity each and every case wherein the person has testified or given a deposition, together with the style of the case and the court in which the case is pending or was heard.

**RESPONSE TO INTERROGATORY NO. 3:** No expert has been retained at this time. Defendant will timely supplement this Response, if necessary.

**INTERROGATORY NO. 4:** Identify with particularity every social media account, as well as any deactivated or deleted account. including pages and groups, under your control since May 18, 2014, including for each account:

      a.      The URL(s) of the account;
      b.      All email addresses associated with the account;
      c.      All phone numbers associated with the account;
      d.      Each title, handle, tag, or name by which the account was known and, if the account had multiple titles, handles, tags, or names, the date each began to be used for the account;
      e.      The dates on which your control of the account began and ended;
      f.      If the account is no longer publicly available, the reason the account is no longer publicly available and the date on which the account was paused, suspended, made private, deleted, deactivated, or otherwise terminated; and
      g.      Identify and produce all documents relied on in responding to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 4:** Objection. Defendant objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). Additionally, Defendant objects to providing phone numbers and/or email addresses to the extent such information constitutes private, personal information related to the Defendant which potentially subjects Defendant to harassment. Finally, Defendant objects to interrogatories related to any accounts which are not the subject of this litigation. Without waiving said objections, Defendant responds as follows:

Twitter
      a.      @jasonrapert
      b.      Objection. See above.
      c.      Objection. See above.

  d. Defendant cannot recall if the account handle has been changed and cannot locate any records that indicate such a change.
  e. June 2010
  f. Not applicable.
  g. See @jasonrapert Twitter account.

Facebook
  a. Facebook.com/JasonRapertForArkansas
  b. (501) 336-0918
  c. senator.jason.rapert@gmail.com
  d. Name of account was changed to "Jason Rapert" on October 6, 2019. Name of account was changed to "Sen. Jason Rapert" on July 26, 2015 Page created as "Jason Rapert for Arkansas Senate" on January 25, 2010
  e. January 25, 2010
  f. Not applicable.
  g. See Facebook.com/JasonRapertForArkansas – About/Page Transparency

**INTERROGATORY NO. 5:** Describe with particularity every instance in which you restricted (through blocking or banning the person, deleting the person's comment(s), or other means) a person's ability to interact with any of the accounts identified in response to Interrogatory # 4, above, including for each instance the following:
  a. The name of the person restricted;
  b. The username of the person restricted;
  c. The date(s) on which you restricted the person;
  d. Your rationale for restricting the person; and
  e. Identify and produce all documents relied on in responding to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 5:** Objection. Defendant objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). The accounts at issue in this litigation are more than a decade old, it is not possible to determine when certain accounts were restricted and Defendant maintains no records of which accounts have been blocked, when they were blocked or why they were blocked. Finally, Defendant objects to interrogatories related to any accounts which are not the subject of this litigation.

**INTERROGATORY NO. 6:** Describe with particularity every instance in which you considered restricting (through blocking or banning the person, deleting the person's comment(s), or other means) a person's ability to interact with any of the accounts identified in response to Interrogatory # 4, above, but decided not to do so, including for each instance the following:
    a.    The name of the person;
    b.    The username of the person;
    c.    The date(s) on which you considered restricting the person;
    d.    The reason you considered restricting the person;
    e.    Your rationale for not restricting the person; and
    f.    Identify and produce all documents relied on in responding to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 6:** Objection. Defendant objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). The accounts at issue in this litigation are more than a decade old, it is not possible to determine whether Defendant considered restricting certain accounts and Defendant maintains no records of accounts which were considered for restriction. Defendant objects to interrogatories related to any accounts which are not the subject of this litigation. Finally, Defendant is unable to identify instances or specific accounts which he "considered" restricting an account but chose not to do so.

**INTERROGATORY NO. 7:** Describe with particularity the process you use when determining whether to restrict (through blocking or banning the person, deleting the person's comment(s), or other means) a person's ability to interact with each of the accounts identified in response to Interrogatory # 4, above, including:
    a.    Any rules applied;
    b.    Guidance referred to;
    c.    Procedures followed; and
    d.    Individuals consulted.

**RESPONSE TO INTERROGATORY NO. 7:** Defendant generally relies upon the policy produced as DEF – OFF 001.

**INTERROGATORY NO. 8:** Describe with particularity the substance and rationale for all changes made to each of the social media accounts identified in response to Interrogatory # 4, above, (excluding the creation of new posts

9

or tweets) on or after October 2, 2018, including, but not limited to, changes to the following:
  a.  Contact information, including addresses, phone numbers, fax numbers, email addresses, and URLS;
  b.  "About" information;
  c.  Biographical information;
  d.  "Impressum" information;
  e.  Rules;
  f.  Owners, administrators, editors, content creators, and other users authorized to access the account;
  g.  Descriptions;
  h.  Categories; and
  i.  Locations.

**RESPONSE TO INTERROGATORY NO. 8:**  Objection. Defendant objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). Additionally, Defendant objects to providing phone numbers and/or email addresses to the extent such information constitutes private, personal information related to the Defendant which potentially subjects Defendant to harassment. Finally, Defendant objects to interrogatories related to any accounts which are not the subject of this litigation. Without waiving said objections, Defendant responds as follows:

  a.  Contact information would only be changed to correspond with updating current contact information for the Defendant, but Defendant cannot specifically recall if contact information for the accounts has ever been changed;
  b.  Certain account information was edited to reflect that Defendant is running as a candidate for Lieutenant Governor;
  c.  Certain account information was edited to reflect that Defendant is running as a candidate for Lieutenant Governor;
  d.  Modified to reflect that the page is not paid for or administered by a government entity. Uncertain as to the specific date of modification. See DEF – OFF 007.
  e.  Notwithstanding changes mentioned in (d) above, no known changes;
  f.  Harris Media has been given access for campaign purposes;
  g.  Certain account information was edited to reflect that Defendant is running as a candidate for Lieutenant Governor;
  h.  No known changes;
  i.  No known changes;

**INTERROGATORY NO. 9:** Describe with particularity the network services and local area network infrastructure made available to you by the state of Arkansas at the Arkansas State Capitol and any other government-run building, including:
    a.    The name of the service;
    b.    The nature of the service or infrastructure;
    c.    How frequently you access the service or infrastructure;
    d.    Your usage of the service or infrastructure;
    e.    Whether the service or infrastructure is open to all or requires user credentials; and
    f.    The government employees and contractors that provide support for the service or infrastructure.

**RESPONSE TO INTERROGATORY NO. 9:** Upon information and belief, the Arkansas State Capitol has publicly available wifi service which is utilized by the Defendant.

**INTERROGATORY NO. 10:** Identify and describe with particularity all regulations, ethics rules, guidance, and training relating to Arkansas elected officials' use of government resources, including:
    a.    Restrictions on private use of government property;
    b.    Use of Arkansas State Capitol facilities;
    c.    Use of government property for the promotion of private entities;
    d.    Use of electronic devices in the Arkansas State Capitol; and
    e.    Use of social media by elected officials.

**RESPONSE TO INTERROGATORY NO. 10:** Beyond applicable ethics statutes and rules, Defendant is unaware of any such "regulations, ethics rules, guidance and training."

**INTERROGATORY NO. 11:** Describe with particularity the network services and local area network infrastructure made available to elected officials by the state of Arkansas at the Arkansas State Capitol, including:
    a.    The name of the service;
    b.    The nature of the service or infrastructure;
    c.    The itemized cost of providing and maintaining the service or infrastructure; and
    d.    Whether the service or infrastructure is open to all or requires user credentials.

**RESPONSE TO INTERROGATORY NO. 11:** Upon information and belief, the Arkansas State Capitol has publicly available wifi service which is utilized by the Defendant.

**INTERROGATORY NO. 12:**   Identify with particularity all Arkansas state government employees and contractors responsible for supporting, servicing, and maintaining network services and infrastructure on the grounds of the Arkansas State Capitol, including:
a. Name;
b. Title;
c. Immediate supervisor;
d. Employer;
e. Office address;
f. Phone number;
g. Email address; and
h. Job description.

**RESPONSE TO INTERROGATORY NO. 12:**  Objection. The requested information is beyond the scope of knowledge of Defendant. Additionally, this information is more easily obtainable from a third party and is information that is public and equally accessible to both parties.

**INTERROGATORY NO. 13:**   Identify with particularity all Arkansas state government employees and contractors responsible for supporting, servicing, and maintaining network services and infrastructure intended for official use by Arkansas state senators, including:
a. Name;
b. Title;
c. Employer;
d. Office address;
e. Phone number;
f. Email address; and
g. Job description.

**RESPONSE TO INTERROGATORY NO. 13:**  Objection. The requested information is beyond the scope of knowledge of Defendant. Additionally, this information is more easily obtainable from a third party and is information that is public and equally accessible to both parties.

**INTERROGATORY NO. 14:**   Identify with particularity all internet service providers and mobile data providers you contracted with on or after May 18, 2014, for service at the Arkansas State Capitol and for each provide:
a. The service(s) contracted for; and
b. The monthly cost of each service; and
c. Provide a copy of each contract.

**RESPONSE TO INTERROGATORY NO. 14:**  Defendant has not contracted for any such services at the Arkansas State Capitol.

**INTERROGATORY NO. 15:**   Identify with particularity all internet service providers and mobile data providers you contracted with on or after May 18, 2014, for service on behalf of elected officials and for each provide:
   a.   The service(s) contracted for; and
   b.   The monthly cost of each service;
   c.   The classes of elected officials receiving the benefit of the service; and
   d.   Provide a copy of each contract.

**RESPONSE TO INTERROGATORY NO. 15:**  Defendant has not contracted for any such services on behalf of elected officials.

**INTERROGATORY NO. 16:**   Identify with particularity all devices provided to you by the State of Arkansas, including for each device:
   a.   The owner of the device;
   b.   Individuals authorized to use the device;
   c.   The manufacturer of the device;
   d.   The model number of the device;
   e.   For mobile devices, the phone number(s) and/or email address(es) associated with the device, the data provider, and the IMEI number; and
   f.   For all other devices, the internet service provider, location and IP address of the device.

**RESPONSE TO INTERROGATORY NO. 16:**  Defendant uses no state-issued "devices" except an iPad issued during the 2021 session for the sole purpose of reading proposed legislation. This iPad sits at Defendant's desk in the Senate Chamber and is used for no other purpose. See DEF – OFF 61.

**INTERROGATORY NO. 17:**   Identify with particularity each complaint, sustained complaint, and/or reprimand made, filed, or entered against Defendant Rapert with any regulatory, ethics, or oversight body of the State of Arkansas on or after January 1, 2010, setting out the nature of the complaint or reprimand, as well as the name, address, and phone number of the complainant(s) and the final disposition of the complaint(s) or reprimand(s).

**RESPONSE TO INTERROGATORY NO. 17:**  Objection. Defendant objects to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). Without waiving said objection, a complaint was filed with the Arkansas Ethics Commission by Robert Reynolds on October 31, 2018 against Defendant. The Ethics

Commission dismissed the complaint in November 2018. See documents produced as DEF – OFF 062 – 083. Defendant can recall no other such complaints.

**INTERROGATORY NO. 18:** List with particularity every person you intend to call as a witness in this matter in support of your claims or defenses.

**RESPONSE TO INTERROGATORY NO. 18:** Beyond the named parties in this matter, Defendant has not yet made determinations as to what witnesses he may or will rely upon at a trial of this matter. This Response will be supplemented, as necessary, in a manner consistent with the applicable rules of civil procedure and the Court's scheduling orders.

                LESLIE RUTLEDGE
                Attorney General

By:   William C. Bird III
      Ark. Bar No. 2005149
      Senior Assistant Attorney General
      323 Center Street, Suite 200
      Little Rock, Arkansas 72201
      Telephone: (501) 682-1317
      Facsimile:  (501) 682-2591
      william.bird@arkansasag.gov

      *Attorneys for Defendant, in his Official Capacity*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

AMERICAN ATHEISTS INC; BETTY JO FERNAU;  PLAINTIFF
CATHERINE SHOSHONE; ROBERT BARRINGER;
AND, KAREN DEMPSEY

v.                      CASE NO. 4:19-cv-00017-KGB

STANLEY JASON RAPERT                                DEFENDANTS

## VERIFICATION

I, Stanley Jason Rapert, do hereby state that the Responses to Plaintiff's First Interrogatories and Requests for Production of Documents propounded to me, in my official capacity, in the above-referenced case, are true and correct to the best of my knowledge, information and belief.

_____
Stanley Jason Rapert, in my official capacity
as an Arkansas State Senator

05/04/2021
Date