

June 8, 2021

*Via Email (william.bird@arkansasag.gov)*
William C. Bird III
Senior Assistant Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201

*Via Email (paul@paulbyrdlawfirm.com)*
Paul Byrd
Paul Byrd Law Firm, PLLC
415 N. McKinley St. Ste. 210
Little Rock, AR 72205

    **RE:**    *American Atheists, Inc. et al. v. Stanley Jason Rapert, in his official and individual capacities*; E.D. Ark. No. 4:19-cv-17 (KGB)

Dear Counselors,

    This letter is written in response to your client's Objections and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents. Please consider this correspondence as a good faith attempt to resolve this discovery dispute without the necessity of seeking the Court's intervention. As set forth below, please reconsider your objections to the following Requests and supplement your responses on or before **June 16, 2021**:[1]

**Official Capacity:** Interrogatory Nos. 4, 5, 6, 8, 12, 13, and 17, and Requests for Production Nos. 2, 3, 4, 6, 7, and 9.

**Individual Capacity:** Interrogatory Nos. 1, 2, 3, and 4 and Request for Production Nos. 1, 2, and 3.

While I have outlined specific flaws pertaining to your objections below, I note generally that many of your responses contain boilerplate objections that are wholly inappropriate in the context of this litigation. For instance, several responses contain the phrase, "overly broad in both scope and timeframe, [and] unduly burdensome." As you are aware, "[i]t is not sufficient to state that the interrogatory or request for production is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." E.D. Ark. Local Rule 33.1(b). Your generic

---

[1] This timeframe is essential because I cannot take Mr. Rapert's deposition until I have these materials.

American Atheists Legal Center
1100 15th St. NW, Fourth Floor
Washington, DC 20005

*phone* 908.276.7300 ext. 310
*fax* 908.276.7402
www.atheists.org

boilerplate objections are not stated with particularity and they fail to satisfy Local Rule's plain and mandatory requirements. Similarly, after advancing boilerplate objections, you produced limited information "without waiving said objection." Courts have flatly rejected this type of discovery gamesmanship. In fact, in *Kirby v. United Am. Ins. Co.*, 2009 WL 10675166 (E.D. Ark. Feb. 13, 2009), the court summarized its position as follows:

> A number of United American's responses begin with the introductory phrase that the response is offered "without waiver" of its objections. **This language is wholly unacceptable in federal discovery.** It leaves the party propounding the discovery with only the information that the responding party chooses to give up. It is, in effect, responding to the discovery request the party *wishes* the other party had made, rather than to the request that actually was propounded. The result is that the propounding party—or the reviewing court, for that matter—has no way of knowing whether the response is a complete answer or merely a sliver of the information sought.

*Id.* at *4. Defendant's responses to Plaintiffs' Official Capacity Interrogatories Nos. 4, 8, and 17, and Requests for Production of Documents Nos. 2, 9, 14, and 15, and Individual Capacity Interrogatories Nos. 1 and 2, and Requests for Production Nos. 1, 2, and 4, contain the "wholly unacceptable" boilerplate language discussed in *Kirby* and Local Rule 33.1(b). These amount to no responses at all. Please supplement accordingly.

Beyond your generic objections, please reconsider the following discovery responses.

### I.   OFFICIAL CAPACITY DISCOVERY RESPONSES

**1.   Objections Based on Privilege:** You objected to Request for Production Nos. 2 and 3 (which seek documents reviewed, referenced, or relied on in responding to each interrogatory and those documents and recordings in Defendant's possession or control concerning each incident made the subject of the lawsuit) on the basis of the attorney-client privilege and/or the attorney work product doctrine.

You did not elaborate on the basis of your objections, which is required under Rule (b)(2)(C) ("[a]n objection must state whether any responsive materials are being withheld on the basis of that objection"). Fed. R. Civ. P. 34(b)(2)(C). Your objection to RFP No. 2 fails to assert that there are no documents being withheld based on attorney-client privilege or work product doctrine. Further, Rule 26(b)(5)(A) requires that, when a party refuses to disclose otherwise discoverable information due to privilege or work-product, the party must "(1) expressly make the claim; and (2) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do

American Atheists Legal Center    phone 908.276.7300 ext. 310
1100 15th St. NW, Fourth Floor    fax 908.276.7402
Washington, DC 20005    www.atheists.org

so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Additionally, RFP No. 3 also fails to describe the nature of the communications and/or tangible communications that were not disclosed due to the claim of attorney-client privilege. While Plaintiffs do not seek privileged materials, in order to properly evaluate your objections, a privilege log must be provided.

As such, we ask that you reconsider your objections to these Requests for Production, and that you supplement your discovery responses accordingly.

    **2.**    **Objections Based on Relevance:** You objected Interrogatory Nos. 4, 5, 6, 8, and 17, and Request for Production Nos. 4, 6, 7, and 9 based on relevance insofar as the information requested is "irrelevant to any party's claim or defense." These objections are unfounded and misstate the broad application of discovery, as stated by the Supreme Court of the United States in the case of *Hickman v. Taylor*. 329 U.S. 495 (1947). Plaintiffs are entitled to liberal discovery. *Id.* at 507. Because the purpose of discovery is to receive full disclosure of facts, rid proceedings of surprise, and promote settlement, the information that falls within the scope of discovery does not need to be admissible under the rules of evidence to be discoverable. *Id.* at 507–08.

Rule 26(b)(1) defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). As such, the scope of discovery is broad, and any information sought in the referenced discovery requests is highly relevant to our claim and your objection will not stand.

Indeed, Interrogatory Nos. 4, 5, 6, 8, and 17 (which request information on all social media accounts, deleted or active, under Defendant's control; instances when each account restricted or considered restricting a person's ability to interact with any of Defendant's account; rationale for any changes made to each of Defendant's social media accounts; and information on every complaint, sustained complaint, or

American Atheists Legal Center  
1100 15th St. NW, Fourth Floor  
Washington, DC 20005

*phone* 908.276.7300 ext. 310  
*fax* 908.276.7402  
www.atheists.org

reprimand made, filed, or entered against Defendant after January 1, 2010), are relevant to determine the comingling of Defendant's private and public official social media accounts and are directly relevant to Plaintiffs' First Amendment claims. Because this action regards the censorship of constituents via social media based on viewpoint, account verification and reports made about the accounts are critical and irrefutably subject to discovery.

Particular information on every social media account used presently or in the past by the Defendant, instances when the Defendant restricted or considered restricting a person's interaction with the social media accounts, rationale behind the change in social media account information, and each complaint lodged against the defendant by any regulatory, ethics, or oversight body of the State of Arkansas after January 1, 2010 is crucial to determining how many constituents have been restricted from viewing the Defendant's various pages and how many times complaints have arisen because of this censorship. As stated previously, information does not have to be admissible as evidence to be discoverable, and these requests are clearly relevant to Plaintiffs' First Amendment claims.

Please also reconsider your objections to Request for Production Nos. 4, 6, 7, and 9 (which ask for copies of each social media account listed in previous interrogatories, emails, letters, faxes, text messages, social media posts, and messages sent by Defendant containing any of those twenty-five (25) phrases listed, communications regarding the reporting of content on your social media accounts that potentially violate your client's rules or those of the social network, and all emails received from verify@twitter.com, security@facebookmail.com, support@parler.com, and security-noreply@linkedin.com), because these documents are highly relevant to Plaintiffs' claims. These Requests specifically require the production of Mr. Rapert's downloadable data from his Facebook accounts. This data includes information on changes to the account, those with restricted access to the account, and other critical information that informs Plaintiffs' First Amendment claims. For instance, Mr. Rapert's private messages expressing a particular viewpoint would support Plaintiffs' claims. Likewise, because Mr. Rapert has at least attempted to modify his social media activity in response to this litigation, historical information during the relevant time period of January 1, 2010 to the present is profoundly relevant.

Additionally, the list of terms provided in Request for Production No. 6 focuses on issues directly related to religion, restricting constituent access to accounts, and the blending of church and state. Information reflecting these terms is highly relevant to uncover instances that Defendant blocked access to his page based on viewpoint. Further, text messages, emails, letters, faxes, social media posts and messages, and other correspondences regarding reports made against Defendant's page for allegedly

American Atheists Legal Center  
1100 15th St. NW, Fourth Floor  
Washington, DC 20005

*phone* 908.276.7300 ext. 310  
*fax* 908.276.7402  
www.atheists.org

violating his own rules or those of the social network, and his responses to these communications, is highly relevant to Plaintiffs' First Amendment claims.

Similarly, you objected to Interrogatory Nos. 4, 5, 6, and 8, and Request for Production Nos. 4, 7, and 9, and refused to produce any documents or answer any Interrogatories regarding any accounts that are not the subject of this litigation. Rule 26(b)(1)'s scope is broad, and the information requested will inform Plaintiffs' prosecution of their claims against Mr. Rapert.

Therefore, we ask that you reconsider your objections to Interrogatory Nos. 4, 5, and 8 (which ask Defendant to identify each social media account, deleted or active, under his control since May 18, 2014; each instance Defendant restricted or considered restricting a person's access to any of these accounts; and explain the changes and the rationale behind any changes made to any of the social media accounts mentioned in Interrogatory No. 4), and Request for Production Nos. 4, 7, and 9 (which request a copy of each account mentioned in Interrogatory No. 4; all emails, letters, faxes, text messages, social media posts and messages; other correspondence Defendant received in which the sender reported Defendant's content for potentially violating his rules and those of the social media network; and all emails from verify@twitter.com, security@facebookmail.com, support@parler.com, and security-noreply@linkedin.com), and supplement accordingly. These inquiries are directly relevant to Plaintiffs' claims. Additionally, there have been multiple changes to Defendant's social media account names, and these questions are necessary to ensure that Plaintiffs have a full and fair opportunity to conduct discovery. As Defendant has personal and official social media accounts and his use of his personal accounts may be relevant to understanding the actions taken on his official accounts, which he used in the course of conducting the public's business, all of Defendant's accounts are relevant. Further, information about persons restricted from Mr. Rapert's profiles is obviously relevant, striking at the heart of Plaintiffs' claims.

As such, we ask that you reconsider your objections to these Interrogatories and Requests for Production, and that you supplement your discovery responses accordingly.

     **3.**     **Objections Based on Breadth:** You objected to Interrogatories Nos. 4, 5, 6, 8, and 17 and Requests for Production Nos. 4, 6, 7, and 9 on the basis that these requests are overly broad in scope and timeframe. These objections are unfounded.

The rules of discovery are liberal in scope and interpretation. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (S.D. Fla. 1992). For something to be discoverable, it must be "relevant and reasonably calculated to lead to the discovery of admissible evidence." *Id.* Your objections to Interrogatories Nos. 4, 5, 6, 8, and 17 (which seek information on

American Atheists Legal Center  
1100 15th St. NW, Fourth Floor  
Washington, DC 20005

phone 908.276.7300 ext. 310  
fax 908.276.7402  
www.atheists.org

all active and deleted social media accounts under Defendant's control since May 18, of 2014; specific instances when any of Defendant's accounts restricted a person from viewing his page or deleted their comments; instances when Defendant considered restricting a person's ability to view or interact with his social media accounts, but decided not to do so; changes made to each of Defendant's social media accounts and the rationale for such changes; and each complaint, sustained complaint, or reprimand made against Defendant on or after January 1, 2010), have no merit. Interrogatory No. 4 is not overly broad in scope and time since it seeks information for each social media account under Defendant's control since May 18, 2014. This inquiry contains a reasonable time restraint of seven years. Further, this information is relevant to illustrating the comingling of public business on his personal accounts. Additionally, your objection to Interrogatory Nos. 5 and 6 is also unfounded because these requests are specifically limited in the context of their references to Interrogatory No. 4, which includes a reasonable temporal limitation. This is not a "decade," as you state in your objections, and seven years is an abundantly reasonable amount of time as it will define the scope of Defendant's social media activity, and also account for any litigation-prompted changes. Interrogatory No. 8 is relevant to proving the comingling of private and public official accounts controlled by Defendant. Finally, Interrogatory No. 17 is limited in temporal proximity to those complaints, sustained complaints, or reprimands made or filed against Defendant on or after January 1, 2010. This evidence is highly relevant and will identify abundant impeachment evidence for use at trial.

Your objections to RFP Nos. 4, 6, 7, and 9 are also unfounded. RFP No. 4 is relevant to determine the extent and length of time Defendant has comingled his personal and public social media accounts. There is no need for a time restriction because this is relevant for the length of time the accounts have been in existence. Further, the scope of this inquiry is limited to the definition of the downloadable "My Facebook Data."

Next, RFP No. 6 is restricted in scope to those terms deemed relevant to the claims of freedom of speech and freedom of (and from) religion. It requires no timeframe restriction, as any mention of these terms could be relevant to determine a pattern of other First Amendment violations. Additionally, RFP No. 7 is necessary to determine the reach of Defendant's social media violations and his resulting actions when violations are reported. A temporal restriction is unnecessary in this context, and your objection fails to specify an adequate basis upon which to withhold the production of highly relevant information. Finally, RFP No. 9 clearly contains a reasonable time limitation of seven years.

Thus, please reconsider your objections and supplement your responses to the above-mentioned Interrogatories and Requests for Productions.

American Atheists Legal Center
1100 15th St. NW, Fourth Floor
Washington, DC 20005

*phone* 908.276.7300 ext. 310
*fax* 908.276.7402
*www.atheists.org*

**4.     Objects Alleging Ambiguity or Failure to Identify with Reasonable Particularity:** You objected to RFP Nos. 4 and 7 (which request copies of each account from Interrogatory No. 4 and all emails, letters, faxes, text messages, social media posts and messages, and other correspondence in which the sender reported Defendant's conduct) alleging that they are ambiguous. RFP No. 4 commands the production of information in its native format provided by each account's respective social media platform. By copies of each account, Plaintiffs are obviously referencing the electronic data from Defendant's Facebook accounts as identified in Interrogatory No. 4. This information is relevant to establish the comingling of Defendant's private and public social media accounts and will help rebut Defendant's related defenses. Similarly, RFP No. 7 is far from ambiguous, as addressed above. Because your objection provides no explanatory basis, it is impossible to address your concerns regarding ambiguity. The Request is specific in nature, and Mr. Rapert must supplement his responses accordingly.

You also objected to RFP Nos. 4, 6, 7, and 9, and Interrogatory Nos. 4, 5, and 6 because they allegedly "fail to identify the documents sought with reasonable particularity." However, Interrogatory No. 4 requests every social media account, deleted or active, under Defendant's control since May 18, 2014. The Interrogatory goes on to request specific information for each account. This question is very particular and should be supplemented and answered.

Additionally, Interrogatory Nos. 5 and 6 require Mr. Rapert to describe each instance in which he restricted or considered restricting a person's access to each account listed in Interrogatory No. 4. Both of these interrogatories go on to ask for specific information about each instance. These questions are particular in what is being asked and what information is required in discovery. RFP No. 4 is also quite specific in nature, and your objections based on ambiguity are undercut by your other objections of breadth and burden. If you believe that RFP is overly broad or unduly burdensome, then you obviously understand the nature and extent of the Request. Please withdraw your objection immediately.

RFP Nos. 6, 7, and 9 are similarly free of any ambiguity, and to the extent any exists, you have not explained an adequate basis of your objection—nor could you, as RFP No. 6 is specific in the search terms listed; RFP No. 7 is abundantly clear in its terms; and RFP No. 9 simply commands the production of emails sent to Defendant from verify@twitter.com, security@facebookmail.com, support@parler.com, and security-noreply@linkedin.com. There is nothing ambiguous in these terms, and your objection simply illustrates Mr. Rapert's attempt to gain an upper-hand by avoiding his mandatory obligations under the Federal Rules of Civil Procedure. Please supplement your discovery response accordingly.

American Atheists Legal Center
1100 15th St. NW, Fourth Floor
Washington, DC 20005

*phone* 908.276.7300 ext. 310
*fax* 908.276.7402
*www.atheists.org*

5. **Objections Alleging Unduly Burdensome Requests or Requests that are Disproportionate to the Needs of the Case:** You objected to Interrogatory Nos. 4, 5, and 6, and RFP Nos. 4, 6, 7, and 9, on the basis that the requests were "unduly burdensome." Your objection fails to satisfy Rule 26(b)(1)'s particularity requirements, which explain that a party resisting discovery must address the balancing test between burden and expense against the importance of the discovery at issue. Interrogatory Nos. 4, 6, 8, and 17 are highly relevant to the claims in this litigation, and the burden of production is exceedingly limited.

The same is true of RFP Nos. 4, 6, 7, and 9. Generally, Mr. Rapert must simply search his records and, with respect to social media account data, click the "Download" button. Mr. Rapert is a sophisticated business person and presumably intelligent, and he should have no difficulty in producing the information required by these Requests. The burden is light; and the benefit to Plaintiffs is heavy. Please immediately withdraw your objections.

6. **Objections Based on Personal Information and Public Information Equally Accessible by Both Parties:** You objected to Interrogatories No. 4 and 8 on the basis that the information requested is private, personal information that has potential to subject Defendant to harassment. The information requested is highly relevant to the comingling of private and public conduct, and any concerns of harassment could be easily remedied by simply blocking a call or ignoring an email. Mr. Rapert is quite familiar with blocking capabilities on social media, and so he should have no difficulty doing so in more antiquated forms of communication. Likewise, a limited protected order could easily allay any concerns of harassment.

In an about-face turn, you also objected to these Requests on the basis that the information sought is public information equally available to Plaintiffs. This objection, while specious, further explains the irrelevance of your concerns regarding harassment. The information is either private, or it is public—it cannot be both. In any event, Plaintiffs obviously lack access to Mr. Rapert's correspondence, information regarding government network infrastructure, or the relevant contracts at issue. While some information may be available through FOIA requests, Defendant has ready access to same and should have no difficulty satisfying his obligations under Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

7. **Objections Based on Beyond the Scope of Knowledge:** You objected to Interrogatory Nos. 12 and 13 (which request information regarding employees who service and maintain network and infrastructure for official use at the Arkansas State Capitol and internet service providers and mobile data providers Defendant contracted with on or after May 18, 2014, for service at the Arkansas State Capitol) as beyond the scope of Mr. Rapert's knowledge. In his official capacity, Mr. Rapert has imputed

American Atheists Legal Center  
1100 15th St. NW, Fourth Floor  
Washington, DC 20005

*phone* 908.276.7300 ext. 310  
*fax* 908.276.7402  
www.atheists.org

knowledge as to the scope of these Interrogatories, and we ask that you reconsider your objections and supplement your responses accordingly.

## II.  INDIVIDUAL CAPACITY DISCOVERY RESPONSES

1. **Objections Based on Privilege**: As was the case with the Official Capacity responses, you objected to RFP Nos. 1, 3, and 4 on the basis of attorney work product doctrine and/or attorney client privilege. For the same reasons set forth above, these objections are unfounded, particularly in the absence of a privilege log. Please withdraw your objections or otherwise comply with your obligations under Rule 26(b)(5)(A) by producing a privilege log for inspection.

2. **Objections based on Relevance**: You also objected to Interrogatory Nos. 1 and 2 on the grounds of relevance. Specifically, your response to Interrogatory No. 1 alleges that the request "seeks information that is not relevant to any parties." Further, your response to Interrogatory No. 2 asserts that the request is "not relevant to any party's claim or defense and is disproportionate to the needs of the case." Again, as the Supreme Court articulated in *Hickman*, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation" and "discovery rules are to be accorded a broad and liberal treatment." As already explained, these Requests are both relevant and proportional to the needs of this litigation.

Please reevaluate your objections and provide the appropriate supplementation commanded by the Federal Rules of Civil Procedure.

3. **Objections Based on Privacy:** You objected to Interrogatory No. 2 (which seeks to identify with particularity all devices used to access Mr. Rapert's social media accounts on or after May 18, 2014) on the basis that this information is private. Specifically, your response indicates that "Defendant objects to providing phone numbers, email addresses, and IP addresses to extent such information constitutes private, personal information related the defendant, which potentially subjects Defendant to harassment."

Mr. Rapert commingled private and public business. The information is necessary to confront Mr. Rapert's defenses and to establish his liability. There is nothing in the information requested that should expose Mr. Rapert to harassment—these requests are common in litigation in general, and Mr. Rapert is not entitled to special treatment. As an elected public official, Mr. Rapert's privacy interests are subordinated by the public's interest in full and fair disclosure, and any additional privacy interests could be protected through redactions in public filings or otherwise with the entry of a limited protective order.

For the same reasons set forth above, please immediately supplement your responses.

American Atheists Legal Center
1100 15th St. NW, Fourth Floor
Washington, DC 20005

phone  908.276.7300 ext. 310
fax  908.276.7402
www.atheists.org

    **4.**    **Objections Based on Breadth:** RFP Nos. 1, 2, 3, and 4 seek documents reviewed, referenced, or relied on in responding to each interrogatory; each other document or tangible thing, not previously disclosed or produced, relevant to resolution of a claim or defense asserted in this lawsuit; all documents and tangible things identified by or relevant to your response; and all documents, data compilations, and tangible things, in the possession custody or control of Defendant that are relevant to disputed facts alleged with particularity in the pleadings. You objected to these Requests on the basis of overbreadth. For instance, your response to RFP No. 1 alleges that the Request is "overly broad in both scope and timeframe and unduly burdensome" Your response to Request for Production Nos. 2 and 4 indicate the request is "overly broad on its face and unduly burdensome".

Boilerplate objections are invalid under the Federal Rules. As indicated in Local Rule 33.1(b), "[i]t is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." Moreover, the court has flatly rejected such "blanket objections [that] lack specificity." *Riceland Foods, Inc. v. Liberty Mut. Ins. Co.*, 2011 WL 3296521, at *4–5 (E.D. Ark. Aug. 1, 2011). Thus, simply stating a request is overly broad or unduly burdensome without stating the objection with specificity is insufficient.

Further, with respect to Interrogatory No. 2, your objection states "the request is so broad, it requires the respondent to either guess or move through mental gymnastics to determine which of many documents may contain some detail within the scope of the request." This is specious. Defendant is aware of the documents he considered in responding to Plaintiffs' Interrogatories, and there are no mental gymnastics required to comply with a straightforward discovery request like Interrogatory No. 2.

Moreover, the *Sonnino* case has no application here because, unlike that litigation, Mr. Rapert was required to provide documents or tangible things that are relevant to the resolution of a claim or defense asserted in this lawsuit. The defendants in *Sonnino* previously provided the plaintiffs with the documentation requested. 221 F.R.D. 661, 665-66 (D. Kan. 2004). Mr. Rapert, on the other hand, has refused to produce such information based on invalid boilerplate objections that plainly flout the Local and Federal Rules governing these proceedings.

Please reconsider your objections and provide the appropriate supplementation.

    **5.**    **Objections Based on Failure to Identify Documents with Particularity:** You objected to RFP Nos. 1, 2, and 4 (which seek documents reviewed, referenced, or relied on in responding to each interrogatory, each other document or tangible thing, not previously disclosed or produced, relevant to resolution of a claim or defense asserted in this lawsuit, all documents and tangible things identified by or relevant to

American Atheists Legal Center    *phone* 908.276.7300 ext. 310
1100 15th St. NW, Fourth Floor    *fax* 908.276.7402
Washington, DC 20005    www.atheists.org

your response, and all documents, data compilations, and tangible things, in the possession custody or control of defendant that are relevant to disputed facts alleged with particularity in the pleadings) on the basis that they "fail to identify the documents sought with reasonable particularity." This objection ignores the text of each Request, which specify the category of documents requested.

As such, we request that you reconsider your objections and supplement your responses accordingly.

**6.     Objections based on Disproportionate to the Needs of the Case:** You objected to RFP Nos. 1, 2, and 4 (which seek documents reviewed, referenced, or relied on in responding to each interrogatory, each other document or tangible thing, not previously disclosed or produced, relevant to resolution of a claim or defense asserted in this lawsuit, all documents and tangible things identified by or relevant to your response, and all documents, data compilations, and tangible things, in the possession custody or control of defendant that are relevant to disputed facts alleged with particularity in the pleadings) and to Interrogatories Nos. 1 and 2 (which seek all internet service providers and mobile data providers the Defendant contracted with on or after May 18, 2014, and all devices used to access the Defendant's social media accounts on or after May 18, 2014) on the basis that they exceed the proportional needs of this litigation. Rule 26(b)(1) explains why your objections are of no moment:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

It cannot be overstated. The issues in this litigation of are of constitutional magnitude. The documents and information requested are critical to Plaintiffs' prosecution of their claims. Mr. Rapert has unfettered access to this information and producing same would come at virtually no expense to him. Further, the benefit of confirming his First Amendment violations undoubtedly outweigh any burden that Mr. Rapert may perceive. Fed. R. Civ. P. 26(b)(1).

**CONCLUSION**

American Atheists Legal Center
1100 15th St. NW, Fourth Floor
Washington, DC 20005

*phone* 908.276.7300 ext. 310
*fax* 908.276.7402
www.atheists.org

There is a quiet irony that in this First Amendment litigation, you advanced specious objections that serve no purpose but to prevent Plaintiffs from access to information that will both prove their claims and defeat Mr. Rapert's obtuse defenses. In the same way that Mr. Rapert should have never blocked Plaintiffs on Facebook based on their viewpoints, he should not "block" them from accessing highly relevant information that will establish their claims. While our hope is that you reconsider your objections and comply with the Federal Rules by producing the information requested through this good-faith conferral, Plaintiffs stand prepared to vigorously pursue a Motion to Compel in the event of any delay. Again, Plaintiffs require this information in order to schedule Mr. Rapert's deposition, and time to engage in additional discovery is fleeting.

We look forward to your supplementation on or before June 16, or otherwise to an award of attorneys' fees under Rule 37 if your failure to timely supplement requires the necessity of a Motion to Compel.

Sincerely,

Geoffrey T. Blackwell, Esq.
Litigation Counsel
American Atheist Legal Center
legal@atheists.org

GTB/BW/BG

American Atheists Legal Center
1100 15th St. NW, Fourth Floor
Washington, DC 20005

phone  908.276.7300 ext. 310
fax  908.276.7402
www.atheists.org