**ATTORNEY GENERAL**
# LESLIE RUTLEDGE
ARKANSASAG.GOV

William C. Bird  
Senior Assistant Attorney General

Direct Dial: (501) 682-1317  
Email: william.bird@arkansasag.gov

June 18, 2021

*Via email to gblackwell@atheists.org*
Geoffrey T. Blackwell, Esq.
Litigation Counsel
American Atheist Legal Center
1100 15th St. NW, Fourth Floor
Washington, DC 20005

      Re:    *American Atheists, Inc. et al v. Rapert*, 4:19-CV-17-KGB,
               Eastern District of Arkansas

Dear Counsel:

This letter is in response to your "good faith" letter dated June 8, 2021, concerning Defendant's responses to written discovery. First, I again thank you for the courtesy of a few extra days to respond to your letter.

You generally take issue with objections where the Defendant asserts that the requested information is "irrelevant to any party's claim or defense." You state that such objections are unfounded and misstate the broad application of discovery. But Rule 26(b)(1) defines the appropriate scope of discovery in precisely those terms. "Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense** . . ." Where Plaintiffs make requests that seek information not relevant to the claims asserted in this matter but instead constitute an expansive fishing expedition into irrelevant matters, we properly have objected. I will specifically address relevance as to particular discovery requests, as necessary, below.

**Interrogatory No. 4:**
First, you contend that Interrogatory No. 4 has a temporal limitation of seven years—going back to May 18, 2014—and on that basis state that our references to these accounts being "more than a decade old" are unfounded. But as drafted, I construe Interrogatory No. 4 to encompass any account that was under the control

     

June 18, 2021
Page **2** of **5**

of the Defendant on May 18, 2014. Consequently, the timeframe is not really seven years, but instead encompasses accounts that existed, in this case, as far back as 2010, and were still under the control of the Defendant as of May 18, 2014. Therefore, my references to information being sought related to accounts "more than a decade old" has merit. If that interpretation is incorrect, please so advise.

Second, Plaintiffs have made no claims in this case regarded restricted access to any social media accounts other than @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page. Interrogatory No. 4 encompasses not only *accounts or pages* on those platforms wholly unrelated to the claims and defenses in this case, but also accounts on other *platforms* wholly unrelated to the claims and defenses in this case. Plaintiffs have made no allegations they have accounts on other social media platforms, much less asserted that any such accounts have been restricted. Discovery is broad, but it is our position that this request far exceeds the reasonable scope of discovery.

Finally, our use of "without waiving said objections" in Interrogatory No. 4 is not akin to the use at issue in the *Kirby* case. Here, we maintain objections on the stated bases and are declining to produce the requested information, but without waiving any of those objections, are producing the information that does not fall within the scope of our objection—i.e., non-confidential information concerning the accounts at issue in this case. We are not attempting to preserve objections as to the information actually produced. I do understand the issue raised in *Kirby* and apologize if the objection was unclear.

**Interrogatory No. 5:**
Defendant maintains his objections to the extent the request seeks information about accounts unrelated to the claims and defenses at issue in this suit. Defendant has no independent records that contains information responsive to this request. In light of Plaintiff's clarification concerning the documents sought in RFP No. 4 (see below), Defendant will revisit this request in conjunction with RFP No. 4.

**Interrogatory No. 6:**
As stated, Defendant is unable to identify instances or specific accounts which he "considered" restricting but chose not to do so.  There would be no records of any such considerations—even if they were made. It is impossible to go back 10+ years and recall instances (or names, usernames, specific comments, dates, rationale, etc). in which Defendant might have had a momentary consideration to delete a comment or block an account. Defendant will withdraw objections to relevance to the extent the request is aimed at the accounts at issue in this case but maintains the other previously stated objections. That said, Defendant has no information to provide in response to this request.

June 18, 2021
Page **3** of **5**

**Interrogatory No. 8:**
Again, Plaintiffs have made no claims in this case regarded restricted access to any social media accounts other than @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page. Consequently, the objections made in response to Interrogatory No. 4 are relevant here, as well, as the request encompasses not only *accounts or pages* on those platforms wholly unrelated to the claims and defenses in this case, but also accounts on other *platforms* wholly unrelated to the claims and defenses in this case. Plaintiffs have made no allegations they have accounts on other social media platforms, much less asserted that any such accounts have been restricted. Discovery is broad, but it is our position that this request far exceeds the reasonable scope of discovery.

As with Interrogatory No. 4, our use of "without waiving said objections" here is not akin to the use at issue in the *Kirby* case. Here, we maintain objections on the stated bases and are declining to produce the requested information, but without waiving any of those objections, are producing the information that does not fall within the scope of our objection—i.e., non-confidential information concerning the accounts at issue in this case. We are not attempting to preserve objections as to the information actually produced.

**Interrogatory No. 12 & 13:**
With regard to the information requested in these interrogatories, you state that "in his official capacity, Mr. Rapert has imputed knowledge as to the scope of this Interrogatory." Frankly, in this context, I have no idea what that means. You are requesting specific and detailed information (i.e. supervisors, contact information, job descriptions, etc.) about individuals who appear to be employees and/or contractors of a wholly separate state agency or office. Senator Rapert is an elected state senator. Despite his service as a state senator, he does not have the knowledge to provide the requested information about other state agencies or offices.

**Interrogatory No. 17:**
You reason that the information requested in Interrogatory No. 17 is relevant because "each complaint lodged against the defendant by any regulatory, ethics, or oversight body of the State of Arkansas after January 1, 2010 is crucial to determining how many constituents have been restricted from viewing the Defendant's various pages and how many times complaints have arisen because of this censorship." Defendant is unaware of any regulatory, ethics or oversight body in the State of Arkansas that would have jurisdiction to consider complaints related to restrictions on social media pages. For these reasons, the information you have requested is wholly irrelevant to this litigation and not related to the claims or defenses at issue. Even so, Defendant previously responded with information concerning the only such complaint filed against him of which he is aware. There is no additional information with which to supplement this request.

June 18, 2021
Page **4** of **5**

**Request for Production No. 2 & 3:**
Concerning Defendant's response to RFPs 2 &3 on the basis of privilege, Defendant has no additional documents responsive to these requests, and at this stage, is not withholding any documents on the basis of attorney-client privilege or attorney work product. Because there is an ongoing duty to supplement discovery, however, Defendant reserves his objections on the basis of attorney-client privilege and/or attorney work product to the extent either may become applicable during the pendency of this litigation. Additionally, Defendant, in his official capacity, incorporates by reference the good faith response of Defendant, in his individual capacity, dated June 18, 2021, wherein it discusses objections based on attorney-client privilege and attorney-work product.

**Request for Production No. 4:**
Defendant objected to this request, in part, based upon the fact it is unclear what you are requesting in asking for "a copy of each account." In your good faith letter, you mention, for the first time, that the inquiry is "limited to the definition of the downloadable 'My Facebook Data.'" But such a definition never was included in your requests—either in the definitions section or specifically in RFP No. 4. You further state that the request specifically requires "production of Mr. Rapert's downloadable data from his Facebook accounts." But again, this is not what you requested in RFP No. 4 and no definition referencing or defining "downloadable data" was provided. RFP No. 4 does not request "downloadable data." Defendant maintains his objections to the extent the request seeks information about accounts unrelated to the claims and defenses at issue in this suit. Defendant will revisit RFP No. 4 in light of your clarification that you are seeking the "My Facebook Data" for the JasonRapertForArkansas account.

**Request for Production No. 6:**
This request goes far beyond the reasonable scope of discovery. You state in your letter that this request "requires no timeframe restriction, as any mention of these terms could be relevant to determine a pattern of other First Amendment violations." But your request literally encompasses "all emails, letters, faxes, text messages, social media posts and messages" sent by Defendant ***over the course of his lifetime***—a majority of those years obviously prior to the time Defendant even was a public official. Regarding relevancy, you state that this request "is highly relevant to uncover instances that Defendant blocked access to his page based on viewpoint." But as drafted, RFP No. 6 would encompass a universe of potential documents wholly unrelated to the blocking of access to a page (i.e. text messages or emails about a neighborhood "block" party, emails or letters sent in his role as a pastor concerning outreach to "nonbelievers," etc).

In response to valid objections as to relevancy and scope, Plaintiffs have made no effort to reasonably limit the scope of this request. This request is absurd in its breadth and scope, and Defendant stands on previously stated objections.

June 18, 2021
Page **5** of **5**

**Request for Production No. 7:**
Defendant has not identified or located any documents responsive to this request.

**Request for Production No. 9:**
Plaintiffs have made no claims in this case regarded restricted access to any social media accounts other than @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page. RFP No. 9 seeks correspondence related to social media platforms wholly unrelated to the claims and defenses in this case—specifically Parler and LinkedIn. Plaintiffs have made no allegations they have accounts on other social media platforms, much less asserted that any such accounts have been restricted. Defendant has produced the documents in his possession responsive to subparts (a) and (b) and will supplement, as needed, if additional documents are identified.

I stand ready to discuss further, if necessary.

Sincerely,

/s/ William C. Bird

William C. Bird
Senior Assistant Attorney General
Arkansas Attorney General's Office

*Attorneys for Jason Rapert,*
*in his official capacity*