

Phone:      501-420-3050
Facsimile:  501-420-3128
Toll Free:  888-998-3050

415 N. McKinley Street, Suite 210
Little Rock, Arkansas 72205
www.PAULBYRDLAWFIRM.com

Paul Byrd, Esq.
Sara Silzer, Esq.
Jordan Davis, Esq.
Patrick Kirby, Esq.

Sender:
Paul Byrd
paul@paulbyrdlawfirm.com

June 18, 2021

**VIA EMAIL and REGULAR MAIL**
Geoffrey T. Blackwell, Esq
Litigation Counsel
American Atheist Legal Center
1100 15th St. NW, Fourth Floor
Washington, DC 20005
legal@atheists.org

RE: *American Atheists, Inc. et al. v. Stanley Jason Rapert, in his official and individual capacities*; E.D. Ark. No. 4:19-cv-17KGB

Dear Mr. Blackwell,

I am in receipt of and have reviewed your letter dated June 8, 2021, regarding Mr. Rapert's responses in his individual capacity to Plaintiffs' First Set of Interrogatories and Requests for Production. Please consider this correspondence a good faith attempt to resolve any misunderstandings and for me to obtain some clarity on your discovery requests.

**Request for Production 1:**
"Produce all documents reviewed, referenced, or relied on in responding to each interrogatory."

Your letter dated June 8, 2021, references my objection to Request for Production (RFP) No. 1 regarding the following: attorney work product and/or attorney client privilege, the absence of a privilege log, being overly broad in both scope and timeframe, and that the request fails to identify documents sought with reasonable particularity. The issue I have on of the plain language used in this request as written is it is extremely broad. On the one hand, as directed at Mr. Rapert, you are asking that he recall and produce every document he has ever referenced or reviewed in preparation of responding to the interrogatories propounded to him in his individual capacity. Each response to each interrogatory as submitted is either answered based on information already known to Mr. Rapert without the need to review any documents, or they were answered in part based on facts known to Mr. Rapert or based on information in a public record, and objected to in part based on reasons provided in the objection. On the other hand, as directed to my office as his attorneys to assist him in answering your discovery requests, this production request is worded in such a broad way as to be asking me to produce my client file in its entirety. Alternatively, you have indicated that in the absence of producing my

entire client file, I produce a privilege log identifying every document in my client file that has been withheld. This request is broadly asking me to produce documents that may be privileged, and the creation of a privilege log of *every* document in my client file or elsewhere. Taking into consideration FRCP Rule 34, it requires that proper discovery requests "[d]escribe with reasonable particularity [specificity] each item or category of items to be inspected…", and for reasons set forth above, this request for production lacks the specificity necessary to avoid, "[laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." *See Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445 (D. Kan. 2000).

As stated, in the Individual Capacity requests to Mr. Rapert, there is nothing to be produced in this request that is in existence or that has not already been produced, and as directed to my office due to the lack of particularity with which this request is made, the request itself is extremely broad on its face.

**Request for Production 2:**
"Produce each other document or tangible thing, not previously disclosed or produced, relevant to resolution of a claim or defense asserted in this lawsuit."

Under roman numeral II for Individual Capacity Discovery Responses, and paragraph 4, your letter as identified previously references my objection to RFP No. 2 regarding its breadth, failure to identify what is being sought with particularity, and due to the breadth and lack of particularity, the request is disproportionate to the needs of the case. As previously explained, due to the lack of particularity with which this request is made, the request itself is extremely broad on its face. Please see prior explanation for RFP No. 1 in the paragraphs above regarding FRCP Rule 34 and the *Steil* case regarding "blockbuster" requests. Here, as directed towards Mr. Rapert as directed to my office as representing Mr. Rapert in his individual capacity, he is being asked to judge what is relevant to resolve this case and to provide all such documentation that he deems to be relevant. All I know to do is to go through all 204 paragraphs of the complaint and make my best guess at what you are requesting. I would appreciate more clarity by stating with specificity what it is you seek.

**Request for Production 3:**
"Produce all documents and tangible things identified by or relevant to your response to a discovery request and/or referred to by you in responding to a discovery request or used by you in preparation of your disclosures or supplementation thereto."

This request is likened to that of the first two in breadth, lack of specificity, and based on interpreting its plain language, is requesting documents that may not be discoverable at all. As previously stated, as directed to Mr. Rapert, there are no documents to be produced based on his ability to respond with facts already known to him. Additionally, as directed to my office to assist Mr. Rapert with answering discovery, the plain language used in this request as written is so extremely broad that I cannot ascertain what category of documents you are seeking separate from producing my entire client file, or alternatively, a privilege log identifying every document in my client file. Honestly, I personally became overwhelmed at the breadth of how these three requests (RFP 1-3) are written, particularly when read together.

**Request for Production 4:**
"Produce all documents, data compilations, and tangible things, in the possession custody or control of defendant that are relevant to disputed facts alleged with particularity in the pleadings. Include the identity of the person compiling the list and describe information by category and location. FRCP 26(a)(1)."

As previously explained above, due to the lack of particularity with which this request is made, the request itself is extremely broad on its face. Additionally, this request is grouped in with RFP Nos. 1 and 2 in a general objection to my response without providing any particularity in the request or reasoning in your letter on what documents or category of documents are being requested. Our intent is not to ignore the text of each of your requests, but rather, the text itself is lacking particularity to the degree that neither we are unable to ascertain what your requests are asking for me to produce. Again, this request asks basically for all information related to each and every allegation. Please see *In re Mgm Mirage Sec. Litig.*, No. 2:09-cv-1558-GMN-VCF, 2014 U.S. Dist. LEXIS 165486 (D. Nev. Nov. 25, 2014) wherein the Court discusses requests which seek "[a]ll facts" and "[a]ll information related to each and every allegation" objectionable, "[i]f the burden outweighs the benefit in light of the issues at stake in the action."

**Interrogatory No. 1:**
"Identify with particularity all internet service providers and mobile data providers you contracted with on or after May 18, 2014, and for each provide:
   a. The service(s) contracted for;
   b. The monthly cost of each service; and
   c. If the cost of the service was reimbursed by the State of Arkansas or any branch, department, or subdivision thereof, provide copies of all applications for reimbursement and responses thereto."

This interrogatory had subparts and subparts were answered some subparts were objected to in part on the grounds of relevance. This issue turns on the response to subparagraph c in that the cost of both internet service providers and mobile data service providers were not at any point in time reimbursed by the State of Arkansas or any branch, department, or subdivision thereof. Therefore, information requested regarding any private contract for such services or the monthly cost of services is not relevant to "any party's claim or defense." Please correct me here if I am wrong, but I do not see the connection between the amount Mr. Rapert pays for his private cell phone or home internet services has any dispositive impact on the ability to establish claims or defenses in this case.

**Interrogatory No. 2:**
"Identify with particularity all devices used to access your social media accounts on or after May 18, 2014, including for each device:
   a. The owner of the device;
   b. Individuals authorized to use the device;

  c. The manufacturer of the device;
  d. The model number of the device;
  e. For mobile devices, the phone number(s) and/or email address(es) associated with the device, the data provider, and the IMEI number; and
  f. For all other devices, the internet service provided, location and IP address of the device."

  As established in response to Interrogatory No. 1, Mr. Rapert's mobile devices are privately owned and paid for without any reimbursement by the State of Arkansas or any other branch, department of subdivision thereof. Additionally, I specified in my objection to this interrogatory that providing such private information as the email address and phone number(s) associated with each device that Mr. Rapert is likely to become subject to harassment. Mr. Rapert continues to contend with harassment rising to the level of threatening nature toward himself individually as well as members of his family. He does not seek "special treatment", however, considering the private ownership and use of his mobile devices, providing this private information increases this risk and provides other means of communication by which parties adverse to Mr. Rapert's policies might use to further harass and threaten him and members of his family. An example of such harassment is the false police report made against Mr. Rapert by one Stephane Ferry. There are other examples of where Mr. Rapert's image has been distorted and where threats are made to his family. The subparts in which the objections apply are to information specific to the operation of the device(s) that create a risk of the device(s) being cloned and messages being sent out as if they were from him. Due to the hostile nature in which adverse parties have attacked Mr. Rapert, it is reasonable for him to be concerned with the possibility of the cloning of his devices, as it is reasonable for him to be concerned about the safety of his family. In addition, this litigation is about his web page content. If you could enunciate what cell phone usage would have to do with the web page content, it will help me understand any relevance or proportionality.

  I look forward to more clarification if you will provide it.

              Sincerely yours,
              **Paul Byrd Law Firm, PLLC**

              Paul Byrd
              Attorney at Law

PAUL BYRD
415 N. MCKINLEY ST, STE 210
LITTLE ROCK, AR 72205



$0.710
US POSTAGE
FIRST-CLASS
FROM 72205
JUN 18 2021
stamps
endicia

Geoffrey T. Blackwell, Esq
American Atheist Legal Center
Litigation Counsel
1100 15th St. NW Floor Fourth
Washington DC 20005-1707