IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**AMERICAN ATHEISTS, INC.;**
**BETTY JO FERNAU;**
**CATHERINE SHOSHONE;**
**ROBERT BARRINGER; and**
**KAREN DEMPSEY**                                                                                   **PLAINTIFFS**

**v.**                                               **Case No. 4:19-cv-00017-KGB**

**STANLEY JASON RAPERT, in his**
**individual an official capacity**                                                **DEFENDANT**

<u>**ORDER**</u>

Before the Court is plaintiffs American Atheists, Inc., Betty Jo Fernau, Catherine Shoshone, Robert Barringer, and Karen Dempsey's (collectively "plaintiffs") expedited motion to compel discovery (Dkt. No. 57).  Plaintiffs seek to have defendant Stanley Jason Rapert:  (1) respond to Interrogatory Nos. 12 and 13 in plaintiffs' official capacity requests; (2) supplement his responses to Interrogatory Nos. 4, 5, 6, 8, and 17 in plaintiffs' official capacity requests and Interrogatory Nos. 1 and 2 in plaintiffs' individual capacity requests; (3) produce documents responsive to Request for Production ("RFP") Nos. 4, 6, and 7 in plaintiffs' official capacity requests and RFP Nos. 1, 2, 3, and 4 in plaintiffs' individual capacity requests; (4) supplement his responses to RFP Nos. 2, 3, and 9 in plaintiffs' official capacity requests; and (5) pay plaintiffs' reasonable costs and attorneys' fees incurred as a result of plaintiffs' filing of the instant motion (*Id.*, at 1).  Rapert filed responses in opposition in his individual and official capacities; plaintiffs filed a reply to Rapert's responses (Dkt. Nos. 61; 62; 70).

After considering plaintiffs' motion, Rapert's responses, and plaintiffs' reply, the Court rules as follows:

(1)     the Court grants plaintiffs' motion to compel an answer to plaintiffs' official capacity Interrogatory Nos. 12 and 13 and orders Rapert to respond to Interrogatory Nos. 12 and 13 on or before August 5, 2022, consistent with the terms of this Order;

(2)     the Court grants plaintiffs' motion to compel Rapert to supplement his answers to plaintiffs' official capacity Interrogatory Nos. 4, 5, 6, 8, and 17.  Rapert shall have to and including August 5, 2022, to provide supplemental responses consistent with the terms of this Order;

(3)     the Court grants plaintiffs' motion to compel production of documents in response to official capacity RFP Nos. 4, 6, and 7; Rapert shall respond to RFP No. 4 based on the informal communication his counsel received on August 24, 2021, and amended RFP. No. 6 as set forth in communication dated August 24, 2021.  Rapert shall have to and including August 5, 2022, to produce responsive documents consistent with the terms of this Order;

(4)     the Court grants plaintiffs' motion to compel Rapert to supplement his responses to plaintiffs' official capacity RFP Nos. 2, 3, and 9 and directs Rapert to supplement his responses on or before August 5, 2022.  For any instances where Rapert asserts attorney-client privilege, he must produce a privilege log in conformity with Federal Rule of Civil Procedure 26(b)(5) and consistent with the terms of this Order by August 5, 2022;

(5)     the Court grants plaintiffs' motion to compel Rapert to supplement his responses to plaintiffs individual capacity Interrogatory Nos. 1 and 2 and orders Rapert to supplement his responses on or before August 5, 2022 consistent with the terms of this Order;

(6)     the Court grants plaintiffs' motion to compel Rapert to produce documents responsive to individual capacity RFP Nos. 1, 2, 3, and 4.  Rapert is directed to produce responsive documents on or before August 5, 2022, consistent with the terms of this Order.  For any instances where Rapert asserts attorney-client privilege, he must produce a privilege log in conformity with

Federal Rule of Civil Procedure 26(b)(5) and consistent with the terms of this Order by August 5, 2022;

(7)     the Court directs Rapert, in any instance where Rapert persists with his privacy concerns regarding requested information, to confer with plaintiffs on the terms of an appropriate protective order to propose to the Court.  Should Rapert fail to reach an agreement with plaintiffs, he may file a motion for protective order with the Court by August 2, 2022;

(8)     the Court directs plaintiffs to submit an attorney's fees petition by August 5, 2022, should they choose to do so.

## I.     Background

The instant motion arises out of a discovery dispute between Rapert and plaintiffs (Dkt. No. 57-1, 2–5).  Plaintiffs filed this lawsuit against Rapert in his official and individual capacities on January 8, 2019 (Dkt. No. 57, at 2).  Plaintiffs alleged:  (1) viewpoint discrimination in violation of the U.S. Constitution and the Constitution of the State of Arkansas, (2) violation of plaintiffs' right to petition the government under the U.S. Constitution and right to remonstrate under Article 2, Section 4 of the Constitution of the State of Arkansas, (3) violation of plaintiffs' right to the free exercise of religion under the U.S. Constitution, (4) violation of plaintiffs' right to the equal protection of the laws under the U.S. Constitution, and (5) violation of the Arkansas Religious Freedom Restoration Act, Arkansas Code Annotated § 16-123-404 (*Id.*).  Rapert filed a motion to dismiss the individual capacity claims on January 14, 2019, and a supplemental motion to dismiss on May 7, 2020 (Dkt. Nos. 11; 37).  The Court denied the motion to dismiss on September 30, 2019, and denied in part Rapert's supplemental motion to dismiss on December 15, 2020 (Dkt. Nos. 27, at 80; 47, at 19).

Plaintiffs served Rapert in his official and individual capacities with their First Request for Production of Documents and Interrogatories on March 5, 2021 (Dkt. No. 57, at 2).  Plaintiffs requested information and documents related to:  Rapert's non-privileged communications regarding this litigation and the factual allegations that gave rise to it, information pertaining to his social media presence, and information pertaining to Rapert's use of information technology and infrastructure (*Id.*, at 2–3).  Plaintiffs claim that from June 8, 2021, through August 5, 2021, they made good faith efforts to secure Rapert's compliance with his discovery obligations (*Id.*, at 3).  According to plaintiffs, these efforts were unsuccessful at resolving these discovery disputes (*Id.*, at 4).

On August 2, 2021, plaintiffs' counsel emailed Rapert's official and individual capacity attorneys seeking to schedule a conference call to resolve the discovery issues (Dkt. No. 57-9).  Counsel for all parties held a conference call on August 11, 2021, during which plaintiffs' counsel agreed to clarify RFP Nos. 4 and 6 from plaintiffs' first set of discovery requests to Rapert in his official capacity (Dkt. No. 57, at 4).  Rapert's counsel agreed that they would inform plaintiffs' counsel whether Rapert would produce his social media data in response to RFP No. 4 from plaintiffs' first set of discovery requests to defendant in his official capacity (*Id.*).  By August 31, 2021, Rapert had not supplemented his official capacity responses to RFP Nos. 4 and 6 nor indicated whether Rapert intended to respond to RFP No. 4  (*Id.*).  Plaintiffs informed Rapert's counsel that they would file the instant motion if  Rapert did not reply by September 3, 2021 (*Id.*).  Plaintiffs represent that Rapert did not respond by the filing of the motion to compel, and plaintiffs filed the instant motion to secure discovery before taking Rapert's deposition (*Id.*).  Rapert filed official and individual capacity responses to the instant motion on September 21, 2021 (Dkt. Nos. 61; 62).  Plaintiffs filed a reply on December 20, 2021 (Dkt. No. 70).

## II.      Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  The Rule reflects the indispensable nature of discovery in our civil system of justice and entitles reasonable access to "all evidence bearing on the controversy between [the parties], including that [evidence] in control of adverse parties."  *Basra v. Ecklund Logistics, Inc.,* Case No. 8:16-cv-83, 2016 WL 7413474, at *2–3 (D. Neb. Dec. 22, 2016).  The Rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (construing the same language that appeared in a prior version of Rule 26); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating that Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence").  Despite Rule 26's liberal scope, it does not extend to irrelevant matters, situations where compliance is unduly burdensome, or "where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information."  *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999) (internal quotation and citation omitted).

Federal Rule of Civil Procedure 37 provides for various motions to compel discovery, depending on the failure of the other party.  Applicable here, Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order to compel answers or production against another party when the other party does not adequately answer interrogatories under Rule 33 or produce documents under Rule 34.  The purpose of Rule 37 is to provide the mechanism by which Rules

26, 33, and 34 can be made effective.  However, Rule 37 is not a blanket enforcement mechanism. Those wishing to compel discovery must certify that they have made good faith attempts to confer with the person or party failing to meet their discovery obligations.  Fed. R. Civ. P. 37 (a)(1).

### III.    Discussion

Plaintiffs filed the instant motion to compel discovery against Rapert, seeking to have him: (1) respond to Interrogatory Nos. 12 and 13 in plaintiffs' official capacity requests; (2) supplement his responses to Interrogatory Nos. 4, 5, 6, 8, and 17 in plaintiffs' official capacity requests and Interrogatory Nos. 1 and 2 in plaintiffs' individual capacity requests; (3) produce documents responsive to RFP Nos. 4, 6, and 7 in plaintiffs' official capacity requests and RFP Nos. 1, 2, 3, and 4 in plaintiffs' individual capacity requests; (4) supplement his responses to RFP Nos. 2, 3, and 9 in plaintiffs' official capacity requests; and (5) pay plaintiffs' reasonable costs and attorneys' fees incurred as a result of their filing this motion (Dkt. No. 57, at 1).  The Court addresses whether plaintiffs have made a good faith effort to confer with Rapert and then addresses the official capacity requests, individual capacity requests, and the issue of fees.

### A.    Good Faith Effort

A party seeking to secure a motion to compel under Federal Rule of Civil Procedure 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37 (a)(1).  Plaintiffs argue that they have satisfied that requirement by attaching several correspondences to the instant motion (Dkt. Nos. 57-6; 57-9; 57-10; 57-11). These attachments indicate that plaintiffs reached out to Rapert's official and individual capacity counsel on multiple occasions, satisfying the good faith effort requirement of Rule 37.  *See generally Black Hills Molding, Inc. v. Brandom Holdings, LLC,* 295 F.R.D. 403, 409 (D. S.D.

2013) (explaining that a "party requesting the discovery is entitled to move for a motion compelling disclosure after having made a good faith effort to resolve the dispute by first conferring with the other party.").

### B.      Plaintiffs' Official Capacity Requests

Plaintiffs move this Court to compel Rapert to respond to Interrogatory Nos. 12 and 13 in his official capacity (Dkt. No. 57, at 1).  Plaintiffs also seek to have Rapert supplement his responses to Interrogatory Nos. 4, 5, 6, 8, and 17 in plaintiffs' official capacity requests (*Id.*). Additionally, plaintiffs request that this Court order Rapert to produce documents responsive to RFP Nos. 4, 6, and 7 in plaintiffs' official capacity requests (*Id.*).  Lastly, plaintiffs request that this Court order Rapert to supplement his responses to RFP Nos. 2, 3, and 9 in plaintiffs' official capacity requests (*Id.*).  The Court addresses each of these official capacity requests below.

#### 1.      Responses Interrogatory Nos. 12 And 13

Plaintiffs seek to have the Court compel Rapert to respond to Interrogatory Nos. 12 and 13 directed to Rapert in his official capacity.  Those interrogatories state:

> **INTERROGATORY NO. 12:**  Identify with particularity all Arkansas state government employees and contractors responsible for supporting, servicing, and maintaining network services and infrastructure on the grounds of the Arkansas State Capitol, including:
> a.      Name;
> b.      Title;
> c.      Immediate supervisor;
> d.      Employer;
> e.      Office address;
> f.      Phone number;
> g.      Email address; and
> h.      Job description.
>
> **INTERROGATORY NO. 13:**  Identify with particularity all Arkansas state government employees and contractors responsible for supporting, servicing, and maintaining network services and infrastructure intended for official use by Arkansas state senators, including:
> a.      Name;

      b.      Title;
      c.      Employer;
      d.      Office address;
      e.      Phone number;
      f.      Email address; and
      g.      Job description.

(Dkt. No. 57-4, at 12). Rapert objects to both interrogatories, arguing that the requested information is "beyond the scope of [his] knowledge"; he further argues that such information would be more easily obtainable through a third party (*Id.*). Rapert cites no authority in his objection and maintains that "[t]he fact that Plaintiffs brought suit against Defendant in his 'official capacity' as a state senator does not suddenly impute to the Defendant knowledge of every aspect of Arkansas state government . . . ." (Dkt. No. 61, at 10). Plaintiffs disagree and call Rapert's objections "unfounded" and logic defying (Dkt. No. 57-1, at 15).

As discussed above, complete and accurate responses to discovery are required for the proper functioning of our system of justice. *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 609–10 (D. Neb. 2001). Plaintiffs accurately point out in their motion that reasonable efforts must be made to answer an opposing party's interrogatory (Dkt. No. 57-1, at 15). *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *see also* Fed. R. Civ. P. 33(d)(1). Whether the opposing party "already has copies of these materials or information, or whether [the opposing party] can obtain them from a third party is not relevant." *Sagness v. Duplechin*, Case No. 4:16-cv-3152, 2017 WL 1183988, at *2 (D. Neb. Mar. 29, 2017). If Rapert has responsive information or documents in his possession, custody, or control, he has a duty to produce the responsive information and documents. The Court, having reviewed the entire record before it with respect to discovery, overrules Rapert's objections to Interrogatory Nos. 12 and 13 directed to Rapert in his official capacity and orders Rapert to respond fully to Interrogatory Nos. 12 and 13. To the extent Rapert

believes he has done so, as his response to the motion to compel suggests, he must state that unequivocally and without objection (*see* Dkt. No. 61, at 10).

**2.      Supplemental Responses Interrogatory Nos. 4, 5, 6, 8, And 17**

Plaintiffs seek to have Rapert supplement his responses to Interrogatory Nos. 4, 5, 6, 8, and 17 directed to Rapert in his official capacity.

Plaintiffs' Interrogatory No. 4 directed to Rapert in his official capacity asks Rapert to provide the following information:

> **INTERROGATORY NO. 4:**   Identify with particularity every social media account, as well as any deactivated or deleted account[,] including pages and groups, under your control since May 18, 2014, including for each account:
> a.      The URL(s) of the account;
> b.      All email addresses associated with the account;
> c.      All phone numbers associated with the account;
> d.      Each title, handle, tag, or name by which the account was known and, if the account had multiple titles, handles, tags, or names, the date each began to be used for the account;
> e.      The dates on which your control of the account began and ended;
> f.      If the account is no longer publicly available, the reason the account is no longer publicly available and the date on which the account was paused, suspended, made private, deleted, deactivated, or otherwise terminated; and
> g.      Identify and produce all documents relied on in responding to this interrogatory.

(Dkt. No. 57-4, at 7).   Rapert partially answered this request.   However, he objects to producing any more information on the basis that the interrogatory "seeks information that is not relevant to any party's claim or defense, is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1)" (*Id.*).   Rapert alleges that this interrogatory invokes privacy concerns and argues that, because the recently announced decision in *Campbell v. Reisch*, 986 F.3d 822 (8th Cir. 2021), analyzed only the social media accounts in issue, he should not be compelled to answer discovery requests dealing with social media accounts different from the two accounts at issue here (Dkt.

9

No. 61, at 6).  Further, he attempts to rely on an excerpt from this Court's decision in the current case (*see* Dkt. Nos. 27, at 36; 61, at 7), rendered years before the *Campbell* opinion, in an effort to dodge fully responding to these discovery requests.

While the Court understands and appreciates Rapert's concerns, those concerns do not absolve him from his duty to disclose discoverable information.  *See generally* Fed. R. Civ. P. 26. The requested information is sufficiently relevant to determining the extent to which the two accounts at issue—the @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page—could be considered "organ[s] of official business," and the requested information is relevant to plaintiffs' claims (Dkt. No 57-4, at 7–8).  *Campbell*, 986 F.3d at 826.

For this reason, the Court overrules Rapert's objections to Interrogatory No. 4 and orders Rapert to supplement his response to Interrogatory No. 4 directed to Rapert in his official capacity as requested by plaintiffs.  The Court does not restrict this ruling to the two accounts Rapert concedes are at issue—the @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page.  Instead, having reviewed *Campbell* and the parties' briefing regarding it, the Court directs Rapert to respond to Interrogatory No. 4 for all accounts, not just the two he concedes. Should Rapert continue to have privacy concerns regarding the requested information, he should confer with plaintiffs on the terms of an appropriate protective order to propose to the Court. Failing to reach agreement with plaintiffs, he may file a motion for protective order with the Court by August 2, 2022.

Plaintiffs' Interrogatory No. 5 directed to Rapert in his official capacity asks Rapert to provide the following information:

> **INTERROGATORY NO. 5:**  Describe with particularity every instance in which you restricted (through blocking or banning the person, deleting the person's comment(s), or other means) a person's ability to interact with any of the accounts

identified in response to Interrogatory # 4, above, including for each instance the following:

a.      The name of the person restricted;
b.      The username of the person restricted;
c.      The date(s) on which you restricted the person;
d.      Your rationale for restricting the person; and
e.      Identify and produce all documents relied on in responding to this interrogatory.

(Dkt. No. 57-4, at 8).  Among other things, Rapert argues that Interrogatory No. 5 is irrelevant to the current suit, "overly broad," "unduly burdensome," and "disproportionate to the needs of the case" (*Id.*; Dkt. No. 57-7, at 2).  Rapert maintains his objections to Interrogatory No. 5 based on his characterization of *Campbell v. Reisch*, 986 F.3d 822, 826 (8th Cir. 2021), and argues that only the social media accounts he contends are at issue, @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page, should be subject to discovery (Dkt. No. 61, at 6–7).

For the same reasons as the Court articulated in ruling on the request to supplement Interrogatory No. 4, the Court grants plaintiffs' motion, overrules Rapert's objections to Interrogatory No. 5 directed to Rapert in his official capacity, and orders Rapert to supplement his response to Interrogatory No. 5 directed to Rapert in his official capacity.  The Court does not restrict this ruling to the two accounts Rapert concedes are at issue—the @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page.  Instead, having reviewed *Campbell* and the parties' briefing regarding it, the Court directs Rapert to respond to Interrogatory No. 5 for all accounts, not just the two he concedes.

Plaintiffs' Interrogatory No. 6 directed to Rapert in his official capacity asks Rapert to provide the following information:

**INTERROGATORY NO. 6:**  Describe with particularity every instance in which you considered restricting (through blocking or banning the person, deleting the person's comment(s), or other means) a person's ability to interact with any of the accounts identified in response to Interrogatory # 4, above, but decided not to do so, including for each instance the following:

a.      The name of the person;

b.      The username of the person;

c.      The date(s) on which you considered restricting the person;

d.      The reason you considered restricting the person;

e.      Your rationale for not restricting the person; and

f.      Identify and produce all documents relied on in responding to this interrogatory.

(Dkt. No. 57-4, at 9).  Rapert objects to supplementing his response to this interrogatory for the same reasons previously outlined with respect to Interrogatory Nos. 4 and 5, calling the request "overly broad," "unduly burdensome,"  and  "disproportionate to the needs of the case" (*Id.*). Rapert also argues that he maintains "no record of accounts which were considered for restriction" (*Id.*).

Concerning Rapert's repetitive boilerplate objections to many of the discovery requests at issue in plaintiffs' motion to compel, they are not sufficient.  *Kirby v. United Am. Ins. Co.*, Case No. 4:08-cv-00338 JLH, 2009 WL 10675166, at *3 (E.D. Ark. Feb. 13, 2009) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982), for the proposition that a "mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection").  Rapert has not satisfied the Eighth Circuit's requirement laid out in *Vallejo v. Amgen, Inc,* 903 F.3d 733, 743 (8th Cir. 2018), that a party claiming requests are unduly burdensome "must provide some evidence regarding the time or expense required," determining it insufficient to rely only on conclusory allegations that a request is burdensome.  When examining objections, the South Dakota district court in *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 488 (D.S.D. 2012), explained that determining whether a burden is undue requires the court to consider whether the request "outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rapert has not satisfied this type of inquiry.

For these reasons, the Court overrules Rapert's objections to Interrogatory No. 6 directed to him in his official capacity. The Court orders Rapert to supplement his response to plaintiffs' Interrogatory No. 6 directed to Rapert in his official capacity. The Court does not restrict this ruling to the two accounts Rapert concedes are at issue—the @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page. Instead, having reviewed *Campbell* and the parties' briefing regarding it, the Court directs Rapert to respond to Interrogatory No. 6 for all accounts, not just the two he concedes.

Plaintiffs' Interrogatory No. 8 directed to Rapert in his official capacity asks Rapert to provide the following information:

> **INTERROGATORY NO. 8**:  Describe with particularity the substance and rationale for all changes made to each of the social media accounts identified in response to Interrogatory # 4, above, (excluding the creation of new posts or tweets) on or after October 2, 2018, including, but not limited to, changes to the following:
> a.      Contact information, including addresses, phone numbers, email addresses, and URLS;
> b.      "About" information;
> c.      Biographical information;
> d.      "Impressum" information;
> e.      Rules;
> f.      Owners, administrators, editors, content creators, and other users authorized to access the account;
> g.      Descriptions;
> h.      Categories; and
> i.      Locations.

(Dkt. No. 57-4, at 9–10). Rapert objects to supplementing his response to this interrogatory, arguing among other things that the discovery sought is irrelevant, overly board, disproportionate to plaintiffs' needs, and outside of the scope of Rule 26(b)(1) (*Id.*, at 10). Rapert also claims that "providing [private information like] phone numbers and/or email addresses" could potentially

subject him to harassment (*Id.*).  Rapert further challenges the request to the extent that it seeks information about accounts that are not the subject of this litigation (*Id.*).

For the reasons previously explained, the Court overrules Rapert's objections to Interrogatory No. 8 directed to Rapert in his official capacity.  Moreover,  Rapert's privacy concerns are not a sufficient basis upon which to refuse to respond to discovery, as he may file a motion for a protective order related to the requested information consistent with the terms of this Order.  For these reasons, the Court orders Rapert to supplement his responses to Interrogatory No. 8 directed to Rapert in his official capacity.  The Court does not restrict this ruling to the two accounts Rapert concedes are at issue—the @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page.  Instead, having reviewed *Campbell* and the parties' briefing regarding it, the Court directs Rapert to respond to Interrogatory No. 8 for all accounts, not just the two he concedes.

Plaintiffs' Interrogatory No. 17 directed to Rapert in his official capacity asks Rapert to provide the following information:

> **INTERROGATORY NO. 17:**   Identify with particularity each complaint, sustained complaint, and/or reprimand made, filed, or entered against Defendant Rapert with any regulatory, ethics, or oversight body of the State of Arkansas on or after January 1, 2010, setting out the nature of the complaint or reprimand, as well as the name, address, and phone number of the complainant(s) and the final disposition of the complaint(s) or reprimand(s).

(Dkt. No. 57-4, at 13).  Rapert objects to supplementing his response this interrogatory, for the same reasons outlined in the previously discussed objections, characterizing the request as "overly broad," "unduly burdensome," and "disproportionate to the needs of the case" (*Id.*, at 13–14; Dkt. No. 61, at 11).

For the reasons previously explained, the Court overrules Rapert's objections and orders Rapert to supplement his response to Interrogatory No. 17 directed to Rapert in his official

capacity.  To the extent Rapert believes he has done so, as his response to the motion to compel suggests, he must state that unequivocally and without objection (*see* Dkt. No. 61, at 10–11).

### 3.    Responses RFP Nos. 4, 6, And 7

Plaintiffs move to compel responses to three RFPs in response to which Rapert, in his official capacity, failed to produce requested documents (Dkt. No. 57, at 1).

In RFP No. 4 directed to Rapert in his official capacity, plaintiffs request that Rapert produce a copy, in the native format, of each social media account identified in Interrogatory No. 4 (Dkt. No. 57-4., at 2).  Rapert responds by claiming that he does not know what a "copy of each account means" and restates his boilerplate objections discussed above, calling RFP No. 4 "overly broad," "unduly burdensome," and "disproportionate to the needs of the case" (*Id.*).  He also argues that, because the accounts described in RFP No. 4 are publicly available, there is no need for him to turn over the requested information.

Plaintiffs clarified in their August 24, 2021, email with Rapert's counsel, stating that they are "requesting a complete copy of the identified accounts" (Dkt. No. 57-11).  Plaintiffs restated this request in an August 31, 2021, email to Rapert's counsel (*Id.*).  Plaintiffs indicate that Rapert has yet to respond (Dkt. No. 57, at 4).

The Court overrules Rapert's objections, grants plaintiffs' motion to compel, and directs Rapert to produce fully the documents requested by plaintiffs in RFP No. 4 directed to Rapert in his official capacity.  Concerning Rapert's objections, the Court has already addressed the fact that the accessibility of discoverable material through some other means does not absolve a party's duty to turn over requested and discoverable information.  *Sagness*, 2017 WL 1183988, at *2.  The Court overrules Rapert's other objection for the reasons previously explained in this Order. Further, Rule 34 provides the basis for producing electronically stored documents.  Fed. R. Civ. P.

15

34.  To the extent Rapert continues to disclaim understanding what is meant by a "copy of each account . . . in native format," a phrase commonly used in requests for electronic discovery, the Court directs the parties to confer and inform the Court by August 2, 2022, whether they are able to resolve this issue without Court intervention (Dkt. No. 57-4, at 2).

RFP No. 6 directed to Rapert in his official capacity, as originally written, requested that Rapert "[p]roduce all emails, letters, faxes, text messages, social media posts and messages, and other correspondence" he has sent which contain the following phrases:  Block, Ban, Mute, Barringer, Dempsey, Shoshone, Fernau, Godless, Atheist, Humanist, Satanist, Nonbeliever, Nonreligious, Secular, Heathen, Infidel, Leftist, Socialist, Communist, Muslim, Islamic, "Church and state," "Project Blitz," "Christian country," and "Christian nation" (Dkt. No. 57-4, at 3). Rapert objected to this request as overly broad because he claims that, as written, it "seeks . . . every document" using the above-mentioned terms that Rapert created from the beginning of this lifetime (*Id.*, 3–4).  Plaintiffs later amended RFP. No. 6 in writing to request production of "all emails, letters, faxes, text messages, social media posts and messages, and other correspondence sent by you on or after January 1, 2014, containing the words 'block,' 'ban,' or 'mute' and any of the following terms and phrases":  Barringer, Dempsey, Shoshone, Fernau, Godless, Atheist, Humanist, Satanist, Nonbeliever, Nonreligious, Secular, Heathen, Infidel, Leftist, Socialist, Communist, Muslim, Islamic, "Church and state," "Project Blitz," "Christian country," and "Christian nation" (Dkt. No. 57-10).

The amended RFP No. 6 is not overly broad, and the request seeks discoverable documents (Dkt. No. 57-1, at 5).  For these reasons, and for reasons previously explained in this Order, the Court overrules Rapert's objections to amended RFP No. 6 directed to Rapert in his official

capacity and orders Rapert to respond to plaintiffs' amended RFP No. 6 directed to Rapert in his official capacity.

Plaintiffs' RFP No. 7 directed to Rapert in his official capacity requests that Rapert: "[p]roduce all emails, letters, faxes, text messages, social media posts and messages, and other correspondence received by you in which the sender reported content on your social media accounts that potentially violates either your rules or the social network's terms of service" (Dkt. No. 57-4, at 4).  Rapert objects to RFP No.7, stating that "it is unclear" exactly what plaintiffs request (*Id.*).  He also states other objections, asserting the request is irrelevant, overly broad, disproportionate to plaintiffs' needs, and outside of the scope of Rule 26(b)(1) (*Id.*).  Rapert also restates his objection to providing any information regarding accounts that are not the subject of this litigation and argues that he does not have any documents of the type requested (*Id.*).

For the reasons previously explained, the Court overrules Rapert's objections.  Boilerplate objections are not sufficient answers to discovery requests; information about Rapert's other accounts is within the purview of discoverable information in the instant action; and whether information is accessible to a third party does not absolve Rapert of his obligation to turn over the requested information.  Regarding the lack of clarity of the request, the Court overrules Rapert's objection on this basis and construes the plain language of the request to direct Rapert to turn over any and all documents sent to Rapert that allege that the content on his social media pages violated either: (1) Rapert's self-imposed posting rules on his social media pages or (2) the terms of use of the social media platform where the information was posted.  The Court orders Rapert to produce all responsive emails, letters, faxes, text messages, social media posts and messages, and other correspondence in response to RFP No. 7 directed to Rapert in his official capacity.  To the extent Rapert believes he has responded fully to RFP No. 7 directed to Rapert in his official capacity, as

his response to the motion to compel suggests, he must state that unequivocally and without objection (*see* Dkt. No. 61, at 11).

### 4.    Supplement RFP Nos. 2, 3, And 9

Plaintiffs seek to compel supplemental responses from Rapert to three RFPs directed to Rapert in his official capacity (Dkt. No. 57, at 1).

Plaintiffs request that Rapert supplement his response to RFP No. 2 (*Id.*).  RFP No. 2 requests that Rapert "[p]roduce all documents reviewed, referenced, or relied on in responding to each interrogatory" (Dkt. No. 57-4, at 1).  Rapert objects to RFP No. 2 because he claims it "seeks documents protected by attorney work product and/or attorney-client privilege" (*Id.*).  In his June 18, 2021, response to plaintiffs' June 8, 2021, letter, Rapert's official capacity counsel writes that "at this stage, [Rapert] is not withholding any documents on the basis of attorney-client privilege" but notes that Rapert intends to "reserve[] his objections on the basis of attorney-client privilege" (Dkt. No. 57-7, at 4).  Aside from generally asserting this privilege, Rapert has not provided the Court with sufficient guidance to permit it to make a studied ruling on the assertion and application of this privilege.

To the extent that Rapert intends to rely on the assertion of any privilege to withhold information or documents responsive to plaintiffs' RFP No. 2 directed to Rapert in his official capacity or any other discovery requests served by plaintiffs, the Court orders Rapert to produce a privilege log in conformity with Federal Rule of Civil Procedure Rule 26(b)(5).  Specifically, Rule 26(b)(5)(A)(ii) requires the responding person withholding discoverable information on a claim of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Rapert shall, pursuant to Federal Rule

of Civil Procedure 26(b)(5)(A), for each document withheld, disclose a description of the document with as much specificity as is practicable without disclosing its contents, including:

> (a) the general nature of the document;
>
> (b) the identity and position of its author;
>
> (c) the date it was written;
>
> (d) the identity and position of its addressee;
>
> (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;
>
> (f) the document's present location and the identity and position of its custodian;
>
> (g) the specific request for production or requests for production to which Secretary Thurston maintains the document is responsive; and
>
> (h) the specific reason or reasons why it has been withheld from production or disclosure.

To the extent Rapert believes he has responded fully to RFP No. 2 directed to Rapert in his official capacity, as his response to the motion to compel suggests, he must state that unequivocally and without objection, making clear that he is not withholding from production any document based on a claim of privilege (*see* Dkt. No. 61, at 11).

The second RFP at issue, RFP No. 3 directed to Rapert in his official capacity, requests that Rapert produce "all documents and recordings which are in your possession or control concerning each incident made the subject of this lawsuit" (Dkt. No. 57-4, at 2). Rapert objects to the request to the extent that one subsection of the request encompasses information that could be considered privilege.

To the extent that Rapert intends to rely on the assertion of this privilege to withhold information or documents responsive to the plaintiffs' RFP No. 3 directed to Rapert in his official capacity or any other discovery requests served by plaintiffs, the Court orders Rapert to produce a

privilege log in conformity with Federal Rule of Civil Procedure Rule 26(b)(5).  Specifically, Rule 26(b)(5)(A)(ii) requires the responding person withholding discoverable information on a claim of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Rapert shall, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), for each document withheld, disclose a description of the document with as much specificity as is practicable without disclosing its contents, including:

> (a) the general nature of the document;
>
> (b) the identity and position of its author;
>
> (c) the date it was written;
>
> (d) the identity and position of its addressee;
>
> (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;
>
> (f) the document's present location and the identity and position of its custodian;
>
> (g) the specific request for production or requests for production to which Secretary Thurston maintains the document is responsive; and
>
> (h) the specific reason or reasons why it has been withheld from production or disclosure.

To the extent Rapert believes he has responded fully to RFP No. 3 directed to Rapert in his official capacity, as his response to the motion to compel suggests, he must state that unequivocally and without objection, making clear that he is not withholding from production any document based on a claim of privilege (*see* Dkt. No. 61, at 11).

The last official capacity RFP for which plaintiffs seek supplemental information is RFP No. 9 directed to Rapert in his official capacity.  It requests any emails received by Rapert from verify@twitter.com, security@facebookmail.com, support@parler.com, and

noreply@linkedin.com (Dkt. No. 57-4, at 4–5).  Rapert objects, calling the request irrelevant to the current suit, "overly broad," "unduly burdensome,"  and  "disproportionate to the needs of the case" (*Id.*, at 5).

The Court overrules Rapert's objections for the reasons previously explained in this Order and directs him to produce the requested emails in response to RFP No. 9 directed to Rapert in his official capacity.  To the extent Rapert believes he has responded fully to RFP No. 9 directed to Rapert in his official capacity, as his response to the motion to compel suggests, he must state that unequivocally and without objection (*see* Dkt. No. 61, at 11).

### C.     Plaintiffs' Individual Capacity Requests

Plaintiffs ask this Court to compel Rapert to supplement his responses to Interrogatory Nos. 1 and 2 in plaintiffs' individual capacity requests (Dkt. No. 57, at 1).  Additionally, plaintiffs request that this Court order Rapert to produce documents responsive to RFP Nos. 1, 2, 3, and 4 in plaintiffs' individual capacity requests (*Id.*).  The Court addresses each of these individual capacity requests below.

#### 1.     Supplement Interrogatory Nos. 1 And 2

Plaintiffs move to compel supplemental responses to two interrogatories directed to Rapert in his individual capacity (Dkt. No. 57, at 1).

Interrogatory No. 1 directed to Rapert in his individual capacity states:

**INTERROGATORY NO. 1:**  Identify with particularity all internet service providers and mobile data providers you contracted with on or after May 18, 2014, and for each provide:
a.      The service(s) contracted for;
b.      The monthly cost of each service; and
c.      If the cost of the service was reimbursed by the State of Arkansas or any branch, department, or subdivision thereof, provide copies of all applications for reimbursement and responses thereto.

(Dkt. No. 57-5, at 2).  Rapert objects to Interrogatory No. 1, claiming that it is irrelevant and disproportionate to the needs of this case  (*Id.*, at 3).

For the reasons previously explained, the Court overrules Rapert's objections and directs Rapert to respond to Interrogatory No. 1 directed to him in his individual capacity as requested. Rapert may take the position that he has done so, but his response to Interrogatory No. 1 directed to Rapert in his individual capacity was subject to objections that this Court now has overruled. Rapert must respond consistent with the terms of this Order, without reliance on any objection.

Interrogatory No. 2 directed to Rapert in his individual capacity states:

> **INTERROGATORY NO. 2:**  Identify with particularity all devices used to access your social media accounts on or after May 18, 2014, including for each device:
> a.      The owner of the device;
> b       Individuals authorized to use the device;
> c.      The manufacturer of the device;
> d.      The model number of the device;
> e.      For mobile devices, the phone number(s) and/or email address(es) associated with the device, the data provider, and the IMEI number; and
> f.      For all other devices, the internet service provider, location and IP address of the device.

(Dkt. No. 57-5, at 3).  Rapert alleges that this interrogatory invokes privacy concerns and is irrelevant to the case at bar.  (*Id.*, at 3).

The Court overrules Rapert's objections to Interrogatory No. 2 directed to Rapert in his individual capacity.  Moreover, as the Court stated previously, the Court understands and appreciates Rapert's concerns regarding his privacy.  These concerns can be alleviated by answering the interrogatory as requested subject to an appropriate protective order approved by the Court, consistent with the terms of this Order.  The Court orders Rapert to supplement his response to Interrogatory No. 2 directed to Rapert in his individual capacity.  Rapert may take the position that he has done so, but his response to Interrogatory No. 2 directed to Rapert in his

individual capacity was subject to objections that this Court now has overruled.  Rapert must respond consistent with the terms of this Order, without reliance on any objection.

### 2.      Responses RFP Nos. 1, 2 , 3, And 4

Plaintiffs move to compel Rapert's production of documents in his individual capacity regarding four RFPs.

RFP No. 1 directed to Rapert in his individual capacity asks Rapert to "[p]roduce all documents reviewed, referenced, or relied on in responding to each interrogatory" (Dkt. No. 57-5, at 1).  Rapert objects, calling the statement "overly broad," "unduly burdensome," and "disproportionate" to the needs of the case (*Id.*).  Rapert also argues that this request "unavoidably invades attorney work-product and attorney-client privilege."

To the extent that Rapert has responded or has been compelled to respond to the interrogatories in question, the Court determines that he must also produce the requested documents used to respond to each interrogatory.  To the extent that Rapert intends to rely on the assertion of privilege to withhold information or documents responsive to plaintiffs' RFP No. 1 directed to him in his individual capacity or any other discovery requests served by plaintiffs, the Court orders Rapert to produce a privilege log in conformity with Federal Rule of Civil Procedure Rule 26(b)(5).  Specifically, Rule 26(b)(5)(A)(ii) requires the responding person withholding discoverable information on a claim of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Rapert shall, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), for each document withheld, disclose a description of the document with as much specificity as is practicable without disclosing its contents, including:

    (a)  the general nature of the document;

    (b)  the identity and position of its author;

    (c)  the date it was written;

    (d)  the identity and position of its addressee;

    (e)  the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;

    (f)  the document's present location and the identity and position of its custodian;

    (g)  the specific request for production or requests for production to which Secretary Thurston maintains the document is responsive; and

    (h)  the specific reason or reasons why it has been withheld from production or disclosure.

RFP No. 2 directed to Rapert in his individual capacity requests that Rapert turn over all documents and tangible things, not previously disclosed or produced, relevant to resolution of a claim or defense asserted in this lawsuit (Dkt. No. 57-5, at 1).  Rapert restates his generalized objections based on broadness and undue burden (*Id.*, at 1–2).

The Court has reviewed the legal authorities cited by all parties with respect to these discovery disputes.  Here, RFP No. 2 directed to Rapert in his individual capacity specifically requests documents relevant to the resolution of a claim or defense asserted in this lawsuit.  The Court overrules Rapert's objections and directs him to respond to RFP No. 2 directed to him in his individual capacity.

RFP No. 3 directed to Rapert in his individual capacity requests Rapert to "[p]roduce all documents and tangible things identified by or relevant to your response to a discovery request and/or referred to by you in responding to a discovery request or used by you in preparation of your disclosures or supplementation thereto" (Dkt. No. 57-5, at 2).  Rapert objects by citing his

objections to RFP No. 2 (*Id.*).  The Court overrules Rapert's objections and directs him to respond to RFP No. 3 directed to him in his individual capacity.

RFP No. 4 directed to Rapert in his individual capacity requests that Rapert turn over "all documents, data compilations, and tangible things, in [his] possession custody or control . . . that are relevant to disputed facts alleged with particularity in the pleadings" (Dkt. No. 57-5, at 2).  RFP No. 4 also requests that Rapert include the identity of the person compiling the list and describe information by category and location (*Id.*).  Rapert objects to this request on the basis of attorney work-product and attorney client-privilege (*Id.*).  He also states that the "request is overly broad in both scope and timeframe, unduly burdensome, fails to identify the documents sought with reasonable particularity, and is disproportionate to the needs of this case and is, therefore, outside the scope of permissible discovery" (*Id.*).

For the reasons previously explained, the Court overrules Rapert's objections.  He must either produce the responsive documents as requested or provide a privilege log.  To the extent that Rapert intends to rely on the assertion of privilege to withhold information or documents responsive to the plaintiffs' RFP No. 4 directed to him in his individual capacity or any other discovery requests served by plaintiffs, the Court orders Rapert to produce a privilege log in conformity with Federal Rule of Civil Procedure Rule 26(b)(5).  Specifically, Rule 26(b)(5)(A)(ii) requires the responding person withholding discoverable information on a claim of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Rapert shall, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), for each document withheld, disclose a description of the document with as much specificity as is practicable without disclosing its contents, including:

(a)  the general nature of the document;

(b)  the identity and position of its author;

(c)  the date it was written;

(d)  the identity and position of its addressee;

(e)  the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;

(f)  the document's present location and the identity and position of its custodian;

(g)  the specific request for production or requests for production to which Secretary Thurston maintains the document is responsive; and

(h)  the specific reason or reasons why it has been withheld from production or disclosure.

### D.  Plaintiffs' Request For Reasonable Costs And Attorney's Fees

Plaintiffs request that the Court award them reasonable attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A) for having to file the instant motion (Dkt. No. 57-1, at 24–25).  Rule 37(a)(5)(A) provides in relevant part that:

> If the motion [to compel] is granted, the court shall . . .  require the party . . . whose conduct necessitated the motion . . . to pay . . . the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was *substantially justified* or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

"A reading of the Rule leads to the inescapable conclusion that the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery, . . . unless the court finds the opposition to the motion was substantially justified . . . ."  *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.,* 142 F.R.D. 677, 679–80 (S.D. Iowa 1992) (internal quotation omitted).  "There is no bright line standard for 'substantial justification,' and courts must use discretion when deciding whether opposition to a motion to compel is substantially justified.  *Id.*

26

(citing *Cuno, Inc. v. Pall Corp.,* 117 F.R.D. 506, 509 (E.D.N.Y.1987). "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." *Transcontinental Fertilizer Co. v. Samsung Co., Ltd.,* 108 F.R.D. 650, 653 (E.D.Pa.1985); *American Hangar,* 105 F.R.D. at 176 (citing 4A James W. Moore et al., *Moore's Federal Practice,* ¶ 37.02 (2d ed. 1992)). However, courts have generally focused on "the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified. *Alvarez v. Wallace,* 107 F.R.D. 658, 662 (W.D.Tex.1985).

The Supreme Court in *Pierce v. Underwood,* 487 U.S. 552 (1988), established the meaning of "substantially justified" within the context of the Equal Access to Justice Act, 28 U.S.C § 2412 *et seq.* The Court stated that under Rule 37, "[substantially justified] has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,'. . . or 'if reasonable people could differ as to [the appropriateness of the contested action] . . . .'" *Pierce,* 487 U.S. at 565.

Fees are not to be awarded as a punishment, rather a "fee award is intended to compensate for the extra fees and expenses incurred as a result of the discovery violation." *Trading Places Int'l, LLC v. Summerwinds Resort Servs., LLC*, Case No. 15-3092-cv-S-BP, 2017 WL 6383046, at *4 (W.D. Mo. Aug. 23, 2017). "Rule 37, interpreted consistent with its purposes, authorizes an award encompassing all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (quotation omitted).

Plaintiffs brought the instant action after sending a letter, sending emails, and holding a conference call (Dkt. No. 57, at 2–4). Rapert did not relent in his opposition to discovery (*Id.*, at

4).  From the briefing, it is unclear to the Court whether Rapert has refused to produce any information and documents subject to this motion to compel, including information and documents pertaining to the two accounts all parties concede are at issue—the @jasonrapert Twitter account and the JasonRapertForArkansas Facebook page.  Further, from the record before the Court it appears that Rapert doubled down on his boilerplate objections in many instances without requesting a protective order or submitting a privilege log, where doing so could have alleviated many of his purported concerns about information being sought.  Based on Rule 37 and the Eighth Circuit's guidance in *Comiskey v. JFTJ Corporation,* 989 F.2d 1007, 1012 (8th Cir. 1993), the Court concludes subject to further briefing by the parties and consideration by the Court that plaintiffs therefore may be entitled to reasonable attorney's fees to compensate them for a portion of the fees incurred in filing this motion to compel.  The Court directs plaintiffs to submit an attorney's fees petition by August 5, 2022, should they choose to do so.

## IV.    Conclusion

For the foregoing reasons the Court grants the plaintiffs' motion to compel (Dkt. No. 57). The Court orders plaintiffs to submit an attorney's fees petition by August 5, 2022, should they choose to do so.

It is so ordered this 26th day of July, 2022.

Kristine G. Baker
United States District Judge

28